ESTHER H. HAWKS *vs.* ALICE H. DAVIS.

Essex.    January 13, 1904. — February 25, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Tax*, Sale.

Under St. 1888, c. 390, § 57, (R. L. c. 13, § 58,) an assignee of a mortgage, under an assignment made before a tax sale and unrecorded at the time of the sale, upon recording his assignment, becomes the mortgagee of record entitled to redeem.

Under St. 1888, c. 390, § 57, (R. L. c. 13, § 58,) which gives a mortgagee of record the right to redeem from a tax sale within two years after he has actual notice of the sale, it is a question of fact for the jury whether a person, who acted as the mortgagee's agent in holding the notes and mortgage for the purpose of collecting interest, had authority to receive such a notice so that actual notice to him would be actual notice to the mortgagee.

A notice from the purchaser of land at a tax sale to the mortgagee of record, stating that the giver of the notice has purchased the property from the city, is not a good notice of the tax sale under St. 1888, c. 390, § 57, (R. L. c. 13, § 58,) if it does not state or suggest that the property has been sold for taxes.

Whether the expiration of two years, after an actual notice of a tax sale given by the purchaser to the mortgagee of record, would prevent the assignee under an unrecorded assignment of the mortgage, who had not received notice of the sale, from acquiring a right to redeem from the sale by recording the assignment, *quære.*

One redeeming land from a tax sale under R. L. c. 13, § 58, who pays interest at the rate of ten per cent on the amount of the original tax and on all intervening taxes paid by the holder of the tax title, is not required also to pay such interest on the three dollars allowed for the examination of the title and on the cost of a deed of release and the cost of recording the tax deed and other necessary intervening charges.

WRIT OF ENTRY, dated December 7, 1900, for a lot of land and the buildings thereon on East Highland Street, formerly known as Rockland Street, in Lynn.

At the trial in the Superior Court before *Wait*, J., it appeared, that the title of the demandant depended on her right to redeem from a tax sale under which the tenant claimed as stated in the opinion. The purchaser at the tax sale, through whom the tenant claimed, was one Stephen P. Weld. The notice given by Weld to Neal referred to in the opinion was as follows: " Mr. Edward C. Neal, No. 1022 Washington St., Lynn, Mass. Dear Sir: I hold by deed from the City of Lynn the property No. 16 Highland Avenue, Lynn, on which you hold a mortgage. Have

you any interest in the property now? Please let me know at once. Yours truly, S. P. Weld, Per B."

The jury returned a verdict for the demandant; and, at the request of the tenant, the judge reported the case for determination by this court.

*J. Bennett & G. M. Stearns,* for the tenant, submitted a brief.

*R. D. Weston-Smith,* (*E. N. Chase* with him,) for the demandant.

KNOWLTON, C. J. This is a real action in which the demandant shows a good title as mortgagee, with an entry to foreclose which perfects her rights as against the mortgagor and all persons claiming under the mortgagor. The tenant shows a good title acquired under a sale for taxes assessed to the mortgagor after this mortgage was made, which title, unless redeemed, takes precedence of the title of the mortgagee. The demandant undertook to redeem from this tax sale, and the principal question is whether her attempt at redemption was effectual. This question may be divided into two parts: first, had she then a right to redeem; secondly, was her payment sufficient in amount?

The taxes on account of which the sale was made were assessed to the mortgagor for the year 1891; all other taxes, since as well as before that date, have been paid by the mortgagor. The mortgage was made in 1887 and was assigned by the original mortgagee to the demandant in May, 1888. This assignment was not recorded until July 12, 1899.

Under the St. 1888, c. 390, § 57, (R. L. c. 13, § 58,) a mortgagee of record has a right to redeem from a tax sale at any time within two years after he has actual notice of the sale. The demandant, after having recorded her mortgage, made a payment to the treasurer of the city of Lynn on April 28, 1900, for the purpose of redeeming the premises.

An assignee of a mortgage is a mortgagee of record within the meaning of this section. *Faxon* v. *Wallace,* 98 Mass. 44. An assignee of a mortgage whose assignment was made previously, but was unrecorded at the time of a tax sale, becomes the mortgagee of record entitled to redeem under this section, upon subsequently recording the assignment. *Hawes* v. *Howland,* 136 Mass. 267. The demandant was, therefore, entitled to redeem at the time of making this payment, if it was made within two

years after she had actual notice of the sale. The question as to the time of her receiving notice was submitted to the jury under proper instructions.

It was contended that actual knowledge of the sale a long time previously by one Breed, who acted as the demandant's agent in holding the notes and mortgage for the purpose of collecting interest thereon, was notice to the demandant. But the judge rightly left to the jury the question whether Breed's agency was broad enough to include receiving such a notice for her, or whether it was more limited.

The judge rightly ruled that the writing sent by the purchaser at the tax sale to Neal, the original mortgagee who was then the mortgagee of record, was not a good notice of the tax sale. It contained no statement or suggestion that the property had been sold for taxes. *Keith* v. *Wheeler*, 159 Mass. 161. It therefore is unnecessary to consider whether the demandant would have lost her rights by the expiration of two years after the giving of actual notice to the person who was then the mortgagee of record, while she was holding an unrecorded assignment of the mortgage.

The only remaining question is whether the amount paid by the demandant to the city treasurer for redemption was sufficient. It is conceded that it was, unless she was required by law to pay interest at ten per cent, not only on the original sum and intervening taxes paid by the holder of the tax title, but also on the cost of recording the tax deed and the three dollars for the examination of title and deed of conveyance or release, and other necessary intervening charges. We think the section already cited makes it plain that interest is not to be paid on these latter sums expended incidentally.

The instructions as to the right of the demandant to rents and profits were in accordance with the statutes. Pub. Sts. c. 173, §§ 12, 15. R. L. c. 179, §§ 12, 15.

There was no error in the instructions given or in the refusal to give the instructions requested.

*Judgment on the verdict.*