## FRED BLOOM'S CASE.

Suffolk.   November 10, 1915. — January 13, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act.   Notice.   Agency.   Words, "Agent."*

Under the provision of the workmen's compensation act contained in St. 1911. c. 751, Part II, § 15, that "No proceedings for compensation for an injury under this act shall be maintained unless a notice of the injury shall have been given to the association or subscriber as soon as practicable after the happening thereof," and the provision of § 16 that "The said notice shall be in writing, and shall state in ordinary language the time, place and cause of the injury," assuming (without deciding it) that a claim for compensation filed by an employee in some instances may be construed to fulfil the requirements of such a notice, it was *held*, that in the present case a claim filed at least four months after the injury could not constitute a sufficient notice, because the notice was not given "as soon as practicable after the happening" of the injury.

Under the provisions of the workmen's compensation act contained in St. 1911, c. 751, Part II, § 17, that notice shall be served "upon any officer or agent of a corporation if the subscriber is a corporation," and of § 18, that "Want of notice shall not be a bar to proceedings under this act, if it be shown that the association, subscriber, or agent had knowledge of the injury," such knowledge on the part of the foreman of a subscribing corporation, who had superintendence over the workmen and their work, of an injury to one of the employees working under him sustained in the course of his work, can be found by the Industrial Accident Board to have been knowledge of the employer or its agent within the meaning of the act sufficient to prevent the want of a notice in writing from barring the employee's claim to compensation.

DE COURCY, J.   There was ample evidence to warrant the findings of the Industrial Accident Board that the personal injuries

received by the employee Fred Bloom arose out of and in the course of his employment; and that he suffered total loss of vision in the left eye and total incapacity for work. Apparently it is not disputed that the compensation awarded was proper, if he is entitled to recover.

The workmen's compensation act (St. 1911, c. 751, as amended by St. 1912, cc. 172, 571) provides in Part II, § 15, "No proceedings for compensation for an injury under this act shall be maintained unless a notice of the injury shall have been given to the association or subscriber as soon as practicable after the happening thereof, and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same." As the injury was sustained in December, 1914, and January, 1915, and a written claim for compensation was duly filed on March 25, 1915, in accordance with § 15, the claim as such, need not be further considered. The questions raised by the rulings requested by the insurer relate only to the notice of the injury.

By the provisions of the statute the notice of injury and the claim for compensation are two distinct requirements. The notice must be in writing, must state the time, place and cause of the injury, and must be served as provided in the act. See §§ 16 to 18 inclusive. The Industrial Accident Board, in passing upon the third ruling * requested by the insurer, stated in their "Findings and Decision:" "The claim for compensation filed by the employee is in fact a notice of injury and complies with the requirement of the statute, giving notice in writing of the occurrence of the injury, and stating 'in ordinary language the time, place and cause.'" Even if we assume, without so deciding, that a claim for compensation filed by an employee might in some instances be construed to fulfil the place of the notice under the statute, we are of opinion that in the case at bar it was given too late to comply with the requirement of § 15. It was filed at least four months after the injury; and if considered as a notice, it was not given "as soon as practicable after the happening thereof." See *Leach* v. *Hickson,* 4 B. W. C. C. 153; *Burrell*

---

* The third ruling requested by the insurer was as follows: "The claim for compensation is not in fact a notice of injury required by the statute."

v. *Holloway Brothers, Ltd.* 4 B. W. C. C. 239; *Hunt* v. *Highley Mining Co. Ltd.* [1914] W. C. & Ins. Rep. 406.

It is provided in § 18, however, that "Want of notice shall not be a bar to proceedings under this act, if it be shown that the association, subscriber, or agent had knowledge of the injury." The board has found that Bloom was injured on or about December 1, 1914, and on two other occasions.. According to his own testimony, while engaged in the work of cutting stone, a piece of stone hit him in the left eye about December 1, 1914, he got a piece of steel in the same eye about January 1, 1915, and about the middle of January received another injury. After December 1, his vision began to weaken, and later it failed so rapidly that about February 24, 1915, he was unable to continue at his work.

As to the employer's knowledge of the injury, the board finds that the employee notified the foreman of the Webb Pink Granite Company, one Hedberg, of the occurrence of the injury of December 1, 1914. Hedberg testified that he also knew of other smaller blows that Bloom got in his eye, from time to time after the first of December, one being in the latter part of January. The board also finds that the employee advised the timekeeper, one Garland, of the occurrence of the injuries. And it was Garland who made out and signed the report of the injury, on the official form of the board, under date of March 8, 1915. The findings of the board settle the fact that the employer had knowledge of the injury, unless it be held that neither Hedberg nor Garland was an "agent" within the meaning of § 18. *Diaz's Case,* 217 Mass. 36.

It is to be noted that a written notice of injury may be served upon "any officer or agent of a corporation if the subscriber is a corporation" (§ 17); and that knowledge of the injury by the "subscriber, or agent" (§ 18) will prevent want of notice from being a bar to recovery. Plainly it was not necessary to show that an officer of the corporation employer knew of Bloom's injury. On the other hand it is not reasonable to construe "agent" in the broad sense of including every person who is authorized to act for the employer in its varied business dealings with third persons. The rule is well settled that a principal is affected with constructive knowledge, regardless of his actual knowledge, of all material facts of which his agent acquires knowledge while

acting in the course of his employment and within the scope of his authority. The rule is often based on the view that the agent, within his more or less limited field, is legally identified with the principal, and stands in the place of the principal as to the thing he is doing. Another reason for the rule is that it is the duty of the agent to disclose to his principal all material facts so coming to his knowledge, and the presumption is that he has discharged that duty. 2 C. J. 859 and cases cited. In the case before us, the foreman Hedberg appears to have had superintendence over the workmen and their work. While acting within the scope of his duty, he was the representative of the employer most likely to have knowledge, by observation or report, of the frequent injuries to stone cutters from flying pieces of stone or steel; and apparently it was his duty to disclose that knowledge to the employer. In the practical working of the statute he was one of the persons, if not the only one, upon whom the employer would depend for information as to injuries to its workmen. We cannot say as matter of law that the board was not warranted in finding, as it did in effect, that Hedberg's agency was broad enough to make his knowledge of the injury sufficient to prevent the want of a written notice from barring the employee's claim. See *Shea* v. *New York, New Haven, & Hartford Railroad,* 173 Mass. 177; *Hawks* v. *Davis,* 185 Mass. 119; *Daw* v. *Lally,* 213 Mass. 578. This conclusion makes it unnecessary to determine whether the timekeeper Garland also could be found to be such an agent as it contemplated in § 18.

*Decree* * *affirmed.*

*J. F. Scannell,* (*N. F. Hesseltine* with him,) for the insurer.
*J. C. Lynch,* for the employee, submitted a brief.

---

* Made in the Superior Court by *Morton,* J.