JEREMIAH MURPHY'S CASE.

Suffolk.    October 20, 1916. — January 31, 1917.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act. Notice. Agency,* Scope of authority.

Under St. 1911, c. 751, Part II, § 18, which provides that "Want of notice shall not be a bar to proceedings under this act, if it be shown that the association, subscriber, or agent had knowledge of the injury," an oral notice cannot take the place of the notice in writing required by § 16, nor is an oral notice to the subscriber necessarily the equivalent of knowledge of the injury, but it may be evidence warranting a finding that the subscriber had knowledge of the injury.

Where knowledge by an employer of an injury to an employee is proved by evidence of oral information given by the workman to his employer of his injury, such information is sufficiently early if it was given within the time which is required by the statute for the giving of a notice in writing of the injury.

Where a workman employed by an iron company, which was a subscriber under the workmen's compensation act, was sent to repair a boiler in a greenhouse, and while working there alone received "a slight scratch or break on the tip of the elbow" but "did not think it was severe enough to amount to anything" and worked on the following day, and five days later, on learning from a physician whom he consulted that his injury was a serious one, he went to the office of his employer and told the foreman of his injury, it was *held*, that a finding was warranted that the employer had knowledge of the injury as soon as practicable after its occurrence and was not prejudiced by the delay.

In the same case it appeared that the person whom the employee told of his injury was the foreman of the employer's construction department and that the injured employee worked under him and received orders and instructions from him, and it was *held*, that a finding was warranted that this foreman represented the employer in its relations to this employee and that his knowledge of the injury was the knowledge of the employer.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board awarding to Jeremiah Murphy a total compensation of $48.57.

The case was heard by *Morton,* J. The findings of the arbitration committee and of the Industrial Accident Board are stated in the opinion. The judge made a decree approving the decision of the board and ordering payment by the insurer in accordance therewith. The insurer appealed.

The material sections of St. 1911, c. 751, Part II, are as follows:

"Section 15. No proceedings for compensation for an injury under this act shall be maintained unless a notice of the injury shall have been given to the association or subscriber as soon as practicable after the happening thereof, and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same; or, in case of the death of the employee, or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity.

"Section 16. The said notice shall be in writing, and shall state in ordinary language the time, place and cause of the injury; and shall be signed by the person injured, or by a person in his behalf, or, in the event of his death, by his legal representative or by a person in his behalf."

"Section 18. A notice given under the provisions of this act shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place or cause of the injury, unless it is shown that it was the intention to mislead and the association was in fact misled thereby. Want of notice shall not be a bar to proceedings under this act, if it be shown that the association, subscriber, or agent had knowledge of the injury."

*E. C. Stone,* for the insurer.

No counsel appeared for the employee.

CARROLL, J. Jeremiah Murphy, the employee, on Friday, September 24, 1915, received a "slight scratch or break on the tip of the elbow" but "did not think it was severe enough to amount to anything." He worked the following day. Sunday he saw a physician who treated him three times. Wednesday, September 29, 1915, his arm was badly swollen and "pus was exuding from the

elbow." He then consulted another physician and was advised to notify the Industrial Accident Board. On this day he went to the office of his employer and told the foreman of the injury. No notice in writing of the time, place and cause of the injury, as required by §§ 15 and 16, Part II, of the workmen's compensation act (St. 1911, c. 751) was given. Compensation from October 8, 1915, to November 11, 1915, was awarded.

The arbitration committee found that the employer had knowledge of the injury within the meaning of Part II, § 18, of the act, which provides that "Want of notice shall not be a bar to proceedings 'under this act, if it be shown that the association, subscriber, or agent had knowledge of the injury." On appeal the Industrial Accident Board awarded the employee compensation and in its decision stated that the "insurer has raised the question of the giving of notice 'as soon as practicable after the occurrence of the injury.' . . . The board believe that, in a case of this character, where there is no doubt as to the occurrence of the injury and the employee, despite his lack of education, impresses the committee with his evident sincerity and his truthfulness with regard to the conveying of notice to his foreman as the agent of his employer, that the rights of the claimant should not be defeated by the setting up of the technical point that notice was not given as soon as practicable after the occurrence of the injury."

Notice in writing must be given by the employee before he can recover under the act, and the necessity of such a notice is not a mere technicality, — it is essential to his rights. Doubtless the Legislature could have dispensed with this condition or could have insisted on a mere oral notice, but it has not done so. The statute expressly requires a written notice. The giving of such a notice is a part of the employee's case and the burden of proof rests upon him; it is not a matter of defence resting on the employer or insurer. In no case can the injured workman recover compensation, unless such a notice is given within the time required, except where the employer or insurer had knowledge of the injury. Knowledge may dispense with the necessity of notice, but the statutory notice and the "knowledge" are not one and the same thing. While information given orally under some circumstances may be sufficient to establish knowledge and permit recovery, an

oral notice does not fulfil the requirements of the statute direct-
ing that in all cases the notice must be in writing; the oral notice
does not take the place of the written notice, nor is such an oral
notice necessarily the equivalent of the knowledge of the injury
which excuses the written notice. Since no notice was given by
the employee, and because the board apparently considered this
question as one of defence and did not distinguish between knowl-
edge on the part of the employer and the notice required by the
statute, the decree must be reversed.

The case should be sent back to the board for a further hearing
as there was sufficient evidence upon which a finding could have
been made that the employer had knowledge of the injury.

While the notice must be given as soon as practicable after the
occurrence of the injury, no time is specified within which knowl-
edge must be received in order to give the employee compensation.
In many employments when an injury is received, especially if it
is at all serious, the employer or his agent generally has knowl-
edge of it at the time.

In the case at bar the employee, when injured, was not working
at the usual place of business of his employer. He was engaged
in repairing a boiler in the greenhouse of one Higgins; and he was
alone at the time. An employer may have such knowlege of an
injury to one of his employees as to excuse the giving of a written
notice, although the injury did not occur on his premises and
although he did not know of the occurrence at the time, if he
receives proper information which amounts to knowledge, within
the time within which the written notice, if one had been given,
must have been given by the employee or other person author-
ized to give the same.

The wound when received appeared to be comparatively in-
significant. The employee was ignorant, at first, that the septic
condition was caused by the blow on the elbow. As soon as he
understood its nature, five days after the injury, he went to the
employer's office and informed the foreman of the facts. He was
there in person and doubtless his injury was open to inspection.
On all the evidence a finding would have been warranted that the
employer had knowledge of the injury within the time required,
and was not prejudiced by the delay.

It also is contended by the insurer that Reardon, the foreman,

whom the employee informed of his injury, was not an agent authorized to receive such information. Reardon was the foreman in the employer's construction department. Murphy worked under him and received orders and instructions from him. The proper management of the employee's work was in the care of Reardon, who represented the employer; for this purpose he was its agent, and his knowledge was the knowledge of the employer. *Bloom's Case*, 222 Mass. 434. *McLean's Case*, 223 Mass. 342. *Carroll's Case*, 225 Mass. 203.

The decree is reversed and the case recommitted to the Industrial Accident Board for further hearing on the question whether the employer had knowledge of the employee's injuries within Part II, § 18, of the act. At such hearing additional evidence may be introduced by both parties.

*So ordered.*