## SOLOMON BROWN'S CASE.

Suffolk.　December 5, 1916. — July 5, 1917.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act*, Knowledge of the injury, Procedure. *Superior Court.*

The provision of the workmen's compensation act contained in St. 1911, c. 751, Part III, § 18, which makes it the duty of an employer, who is a subscriber, to "keep a record of all injuries," and "within forty-eight hours . . . after the occurrence of an accident resulting in personal injury a report thereof shall be made in writing to the Industrial Accident Board," requires the employer to

find out and report the facts of each injury, not to make a report of claims or statements of injuries.

Such a report made to the Industrial Accident Board by the timekeeper of a construction company, which was a subscriber under the act, that the employee "ruptured himself about three weeks ago and just began to feel the effects of it the last few days," is evidence warranting a finding under St. 1911, c. 751, Part II, § 18, that the subscriber had knowledge of the injury which made a notice under § 15 unnecessary.

In order that such knowledge should dispense with the necessity of notice it must be shown to have existed within the time when a notice in writing, if required, should have been given, that is, as soon as practicable after the happening of the injury.· Following *Jeremiah Murphy's Case*, 226 Mass. 60.

In a claim under the workmen's compensation act of compensation for an injury by a rupture, there was evidence that a rupture of the kind which the employee had does not manifest itself immediately upon the strain which causes the rupture and that in an ordinary case of this kind it would not develop for two or three weeks after the strain. It appeared that the injury to the employee first manifested itself on the eighteenth day of a certain month by a swelling in the employee's groin and that this proved to have been the result of a strain sustained by him on the first day of the month. It appeared also that the employer had knowledge of the injury on the twenty-second day of the month. *Held*, that a finding was warranted that the injury occurred on the eighteenth day of the month and that the subscriber had knowledge of it as soon as practicable after the happening thereof.

On an appeal to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board, when copies of the decision of the board and all papers in connection therewith have been transmitted to the Superior Court it is the duty of that court to take such action and to make such a decree as the law requires on the facts found by the board. The Superior Court has jurisdiction over the claim to compensation in the same way and to the same extent that it has over a suit in equity pending in that court in which the facts have been found by a master. Following *McNicol's Case*, 215 Mass. 497.

In an appeal to the Superior Court from a decision of the Industrial Accident Board on a claim under the workmen's compensation act, where the·record shows that the insurer asked the Industrial Accident Board for certain rulings, the making of which would have resulted necessarily in a decision that the employee was entitled to no compensation, and further shows that the board without referring expressly to the requests for rulings made an award of compensa- · tion to the employee, it must be taken on this record that the insurer's requests for rulings were refused, and there is no occasion to remit the report to the Industrial Accident Board in order that the board may state whether they granted or refused the requests.

Where on an appeal to the Superior Court in a proceeding under the workmen's compensation act the insurer moved that the report be recommitted to the Industrial Accident Board in order that a portion of certain testimony which the board on review had ordered should be stricken from the record should "be set out verbatim or indicated by page and line of the testimony," and the judge denied the motion, it was *held*, that, if it was necessary to state what the evidence was which was stricken out, a statement of such evidence would be sufficient,

and that it would not be necessary that the testimony should "be set out verbatim or indicated by page and line," so that the motion was denied properly.

Where in a proceeding under the workmen's compensation act the record showed that at the hearing before the arbitration committee the insurer requested "that the typewritten testimony submitted by the insurer be embodied in the evidence in the report" and the record stated that "in place thereof a verbatim transcript, by the board's stenographer, of the evidence given by the employee is attached hereto. The extracts of the testimony of Dr. R. as furnished by the insurer are attached as corrected," and where the extracts mentioned were all the evidence introduced by the insurer, it was *held*, that the action of the committee gave the insurer all its rights.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board, in which they found "that the employee, Solomon Brown, received a personal injury which arose out of and in the course of his employment as a laborer for the subscriber, the Aberthaw Construction Company, on or about October 1, 1915, by reason of a strain sustained while assisting to carry a 'stick' weighing about seven hundred pounds, said strain causing a condition of hernia to develop and resulting in the total incapacity for work of the employee from November 2, 1915, to March 17, 1916, a period of nineteen and three sevenths weeks; that the average weekly wages of the employee were $16.20; that compensation is due him at the rate of $10 a week for the period above referred to, a total sum of $194.29 being due on account of the incapacity resulting from the injury; and that all incapacity caused by the injury ceased on March 17, 1916."

The case was heard by *Lawton*, J. The proceedings and the evidence are described in the opinion. The insurer's requests for rulings, which were presented to the Industrial Accident Board as mentioned in the opinion, in regard to which the board took no action except by their decision, were as follows:

"1. It is not a reasonable notice under the act for the employee, who has sustained a strain on or about October 1, 1915, and who feels a hernia on getting out of bed October 18, to orally notify the timekeeper and party responsible for reporting accidents, on October 22, that "he ruptured himself about three weeks ago and just began to feel the effects of it the last few days."

"2. If all that the employer knew of the alleged accident to Solomon Brown was that he stated to the officer in charge of

reporting accidents, on October 22, that the said employee ruptured himself about three weeks before and just began to feel the effects of it the last few days, it is not knowledge of the accident within the meaning of the act.

"3. The notice given by Solomon Brown, as appears in the finding of the arbitration committee, is not proper notice under the act.

"4. The knowledge by the employer of the accident to Solomon Brown, as appears in the findings of the arbitration committee, is not sufficient knowledge of the accident under the act, and does not excuse the notice required under the act.

"5. The evidence that on October 1, 1915, the employee after being engaged with seven other men in moving a heavy timber, felt all tired out and did not notice any pain, felt kind of weak, the weakness passed away, and he 'didn't mind no more to it,' and that he made no complaint to anybody at that time and kept right along at work and continued to work as a laborer, is not sufficient evidence that it was the cause of a slight hernia, as described in the testimony, and which he felt for the first time on getting out of bed on the morning of the eighteenth day of October."

The insurer made the following motion, referred to in the opinion:

"Now comes the insurer in the above entitled action and moves that the above case be remitted to the Industrial Accident Board for amendment in the following particulars:

"1. That the requests for rulings one, two, three, four and five, inclusive, made by the insurer before the Industrial Accident Board on review be passed on, and either granted or refused.

"2. That that portion of the testimony which the Industrial Accident Board on review state they have stricken from the record be set out verbatim or indicated by page and line, of the testimony."

This motion was denied by the judge as follows: "July 11, 1916, motion denied by the court after hearing, on the ground that the court has no authority to make the order asked for."

On the same day by order of the judge a decree was entered in accordance with the decision of the Industrial Accident Board; and the insurer appealed.

The case was submitted on briefs.

*N. F. Hesseltine & J. F. Scannell*, for the insurer.

*J. Abbott*, for the employee.

LORING, J.  The employee here in question worked for the Aberthaw Construction Company in the yard of the Fore River Ship Yards.  When he woke up on the morning of October 18, 1915, he found that he had a swelling in his right groin and that he was unable to work.  He consulted his doctor and was advised that he had ruptured himself and that an operation was necessary.  On his telling the doctor that he was a day laborer and had a family to support the doctor told him that he could try using a truss.  Thereupon he bought a truss and worked on the three following days having arranged with the foreman (whom he told of the situation) for lighter work.  On the twenty-second he reported his situation to the timekeeper of the construction company.  The timekeeper took him to Dr. Blanchard, the physician at the hospital of the Fore River Ship Yards.  Dr. Blanchard examined him and he also advised him that he had a rupture.  On the same day the timekeeper, acting for the construction company, made a report of the injury to the Industrial Accident Board.  In this report he stated that "he [the employee] ruptured himself about three weeks ago and just began to feel the effects of it the last few days."  Opposite Sec. E 2 of the blank calling for "Nature of injury, as near as possible" he wrote in the word "Rupture" and opposite E 3 calling for "Attending physician or hospital where sent, name and address" he filled in "Dr. Blanchard, Howard Ave., Quincy."  On November 17 the employee was operated on at the Massachusetts General Hospital for indirect inguinal hernia.  Thereafter he was incapacitated for work until March 17, 1916.

When he found the swelling, the employee remembered that, on or about October 1, he was assisting in carrying a piece of timber weighing some seven hundred pounds and that at that time he and another man carried one side of the stick and six men carried the other side.  Although at the time he did not think that he was hurt thereby, when he found he had the rupture he remembered that "When he got through he felt all tired out.  He did not feel a pain but felt kind of weak; the weakness passed away and he did not mind any more about

it." The doctors testified that a strain of that kind would be likely to produce an indirect inguinal hernia. They also testified that hernia of that kind would not ensue directly upon the strain but would be likely to result in the course of two or three weeks. The Industrial Accident Board made a finding in accordance with the above evidence and awarded the employee one half of his weekly wages from November 2, 1915, to March 17, 1916, amounting to the sum of $194.29 and a decree to that effect was made by the Superior Court. From that decree the insured took the appeal which is now before us.

The insurer has conceded that the findings of the Industrial Accident Board were warranted, but it has contended that the plaintiff is barred because he failed to give notice of the accident as required by St. 1911, c. 751, Part II, § 15. To avoid this defence the employee has relied upon the fact that the subscriber "had knowledge of the injury" and the Industrial Accident Board found that it did.

1. At the hearing before the board the insurer contended that the evidence did not warrant the finding that the subscriber "had knowledge of the injury" and therefore that the five requests asked for by it, and printed above, should have been given. In support of this contention the learned counsel for the insurer has argued at great length that where the employee gives the employer notice of an injury by word of mouth it cannot be said that the employer has knowledge of the injury. And further, that a report of an injury by the employer based upon an oral notice of it given by the employee does not make out knowledge of the injury on the part of the employer. Of course that is so. Of course it is true that oral notice is not knowledge. Also it is of course true that in a case where all that is stated by the employer in a report to the Industrial Accident Board is that he had had oral notice of an injury it cannot be said that the report makes out knowledge on the part of the employer. In the argument made by him the insurer's counsel has overlooked the fact that by § 18 of Part III of the workmen's compensation act it is made the duty of the employer to "keep a record of all injuries" and "within forty-eight hours . . . after the occurrence of an accident resulting in personal injury a report thereof shall be made in writing to the Industrial Accident Board." The duty of the employer under this

section is to make an investigation, find out the facts and to "keep a record of" the facts, and having found out what the facts are then within forty-eight hours make a report of them to the Industrial Accident Board. The employer's duty is not to make a report of claims of injuries, but to find out and report the facts of each injury.

In the report in the case at bar the subscriber (the Aberthaw Construction Company) performed its duty. It reported as a fact that "he [the employee] ruptured himself about three weeks ago and just began to feel the effects of it the last few days."

In addition to that it affirmatively appears in the case at bar that this statement of the employer that "he [the employee] ruptured himself about three weeks ago" was a statement of fact founded upon an investigation and was not a statement that the petitioner asserted that he had ruptured himself. The time-keeper (who acted for the construction company in making the report which it was bound to make under Part III, § 18), testified that "he believes the doctor [referring to Dr. Blanchard, the physician of the Fore River Ship Yards hospital, who was the second doctor to examine the employee] said Brown had a rupture." We do not intimate that it was necessary for the employee to produce affirmative evidence that the report of the employer was founded upon information obtained by it and was not founded upon an oral notice of the claim. Neither do we intimate that it would have been permissible for the employer to have shown by evidence that that was not so. The report is in and of itself a statement of the fact that the employee "ruptured himself." We refer to this testimony of the timekeeper because it shows that there is no foundation for the argument put forward by the insurer's counsel. The case comes within *Bloom's Case,* 222 Mass. 434; *McLean's Case,* 223 Mass. 342; *Carroll's Case,* 225 Mass. 203; *Jeremiah Murphy's Case,* 226 Mass. 60.

Knowledge on the part of the employer is a substitute for the written notice required by St. 1911, c. 751, Part II, § 15, and the employer must have knowledge within the time when written notice should have been given, namely "as soon as practicable after the happening" of the injury. *Jeremiah Murphy's Case,* 226 Mass. 60. In the case at bar there was evidence that a rupture of the kind which the employee had does not manifest itself immediately upon the strain which causes the rupture and

that in the ordinary case it would not develop for two or three weeks after the strain. It follows that the injury took place on October 18 when the rupture manifested itself by the swelling in the employee's groin and not on October 1 when he strained himself. *Johnson's Case*, 217 Mass. 388. The injury therefore occurred on October 18 and the employer had knowledge of it on or before October 22. It follows that the first, second, third, fourth, and fifth requests for rulings were rightly refused.

2. The insurer made a motion before the Superior Court that the case be remitted to the Industrial Accident Board for amendment in two particulars, namely: (1) that the board should state whether they granted or refused the requests for rulings one, two, three, four and five; and (2) that a portion of certain testimony which the Industrial Accident Board on review ordered should be stricken from the record should "be set out verbatim or indicated by page and line, of the testimony." This was denied by the judge "on the ground that the court has no authority to make the order asked for." The motion was denied rightly. But the reason given by the Superior Court for denying the motion was wrong.

The Superior Court did have authority to make the order asked for. When copies of the decision of the board and all papers in connection therewith have been transmitted to the Superior Court, it is the duty of that court to take such action and make such a decree as the law requires on the facts found by the board. It is for the Superior Court to determine what order or decree ought to be made on the facts found. It has jurisdiction over the case in the same way and to the same extent that it has for example in a suit in equity where the facts have been found by a master. This was fully set forth in *McNicol's Case*, 215 Mass. 497.

On the record the requests for rulings one, two, three, four and five must be taken to have been refused. As to the testimony which was stricken from the record by the board it was stated what that evidence was. If it was necessary to state what the evidence was which was stricken out that was enough. It was not necessary that it should "be set out verbatim or indicated by page and line" in any event.

3. Before the arbitration committee the insurer requested "that the typewritten testimony submitted by the insurer be

embodied in the evidence in the report." It is stated in the report that "in place thereof a verbatim transcript, by the board's stenographer, of the evidence given by the employee is attached hereto. The extracts of the testimony of Dr. Ripley as furnished by the insurer are attached as corrected." This was all the evidence introduced by the insurer. This action of the committee gave the insurer all its rights.

4. The principles involved in the questions raised by the insurer are established by previous decisions of this court and it is not necessary to consider cases from other jurisdictions.

*Decree affirmed.*