## JAMES WALKDEN'S CASE.

Suffolk.    November 10, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ

*Workmen's Compensation Act*, Procedure: notice to or knowledge by employer. *Agency*, Scope of authority. *Notice*. *Words*, "Knowledge."

The provision of St. 1911, c. 751, Part II, § 18, that want of the notice in writing required by § 15 of the act and by § 16 as amended by St. 1912, c. 172, § 1; c. 571, § 3, "shall not be a bar to proceedings under the act, if it be shown that the association, subscriber, or agent had knowledge of the injury," does not operate unless such knowledge arises within the time when the notice in writing should have been given.

The "knowledge" referred to in Part II, § 18, of the workmen's compensation act, while it need not amount to actual certainty, must be such information as men usually act upon in ordinary human affairs.

An employee of a subscriber under the workmen's compensation act was injured on July 1 and on July 3, the first day that he absented himself from work on account of the injury, he spoke of it to a second hand, who was a boss foreman over him and in turn took his orders from an overseer and gave them to the employee, and the second hand told him to report the accident to the overseer. The overseer first learned of the accident on September 25 or 26. *Held*, that findings were not warranted that the second hand was an agent of the employer for the receipt of the knowledge, or that the requirements of Part II, § 18, of the workmen's compensation act had been fulfilled.

CERTIFICATION to the Superior Court, under the provisions of the workmen's compensation act, of a decision, with necessary papers in connection therewith, of the Industrial Accident Board that James Walkden, the claimant, received an injury on July 1, 1919, in the course of and arising out of his employment by Passaic Cotton Mills; and, on the question "whether the insurer or

subscriber had notice or knowledge of the injury," "that the employee informed Tanner, the second hand, his direct foreman and the agent for the subscriber on Thursday, July 3, 1919, the first day upon which he had absented himself from work because of the injury of July 1, that he could not go to work," that the "subscriber had knowledge of the injury as soon as practicable after the happening thereof," and that the claimant was entitled to compensation.

In the Superior Court, by order of *Wait*, J., a decree was entered in accordance with the decision of the Industrial Accident Board. The insurer appealed.

*G. Gleason*, for the insurer, submitted a brief.

*A. Binns*, for the claimant, submitted the case without argument or brief.

BRALEY, J. The employee not having given notice in writing as provided in St. 1911, c. 751, Part II, § 15, and in § 16 as amended by St. 1912, c. 172, § 1, and c. 571, § 3, must rely on § 18, that "Want of notice shall not be a bar to proceedings under this act, if it be shown that the association, subscriber, or agent had knowledge of the injury." The board member found that on July 1, 1919, the employee, a weaver, while at work was struck and injured by a flying shuttle, and on July 3, 1919, before leaving work spoke "of the accident and the pain to the weaver from whose loom the shuttle was thrown and to the second hand." It is unnecessary to review the medical history of the case or to comment on the physical results for which he asks and has been awarded compensation. The insurer having filed a claim for review one of the questions was "whether the insurer or subscriber had notice or knowledge of the injury." After affirming and adopting the findings and rulings of the single member, a majority of the Industrial Accident Board, no new evidence having been presented, "find and rule . . . that the employee informed . . . the second hand, his direct foreman and the agent for the subscriber on . . . July 3, 1919, the first day upon which he had absented himself from work because of the injury of July 1, that he could not go to work," and that the subscriber "had knowledge of the injury as soon as practicable after the happening thereof." It appears that the overseer first knew of the accident about September 25 or 26, but no report of the injury was filed by the employer as

required under St. 1911, c. 751, Part III, § 18, until October 1. 1919.

It is settled by *Brown's Case*, 228 Mass. 31, 37, and *Murphy's Case*, 226 Mass. 60, that, because knowledge on the part of the employer is a substitute for the written notice, the employer must have knowledge within the time when the written notice should have been given. The word "knowledge" is used in the statute in its ordinary sense as meaning actual knowledge, but not absolute certainty. While notice of what has happened is not actual knowledge that the employee has been injured, it is such information as men usually act upon in ordinary human affairs. "Intelligible information of a fact, either verbally or in writing, and coming from a source which a party ought to give heed to, is generally considered as notice of it, except in cases where particular forms are necessary." *George* v. *Kent*, 7 Allen, 16, 18. The employer, or his authorized agent, or his representative, upon receiving such information, cannot say he is without means of knowledge of the accident because it did not happen in his presence.

It is plain that, the notice being oral, the employee cannot prevail unless the information communicated to the second hand is under the statute to be treated as means of knowledge by the corporation, that an alleged injury arising out of and in the course of his employment had been received. The overseer of the weave room represented the employer, and because of his position it could be found that he exercised superintendence over the employees in the performance of their work. *Ruddy* v. *George F. Blake Manuf. Co.* 205 Mass. 172, 181. *Bloom's Case*, 222 Mass. 434. If notice had been given to the overseer there would be evidence warranting a finding of knowledge by him of what had occurred which would have been sufficient under the statute. *Bloom's Case*, 222 Mass. 434. *McLean's Case*, 223 Mass. 342. *Murphy's Case*, 226 Mass. 60. *Brown's Case*, 228 Mass. 31. *Frier's Case*, 232 Mass. 181. But the employee's uncontradicted and uncontrolled evidence is, that the second hand "is the boss foreman, and takes his directions from the overseer," and gave him "directions from the overseer during the day," and when informed of the accident the second hand "told him to report it to the overseer." The position held by the second hand was that of a subordinate. He could neither hire nor discharge weavers,

nor had he any authority of supervision except as directed by the overseer. We are accordingly of opinion that the finding that the second hand was the employer's agent was unwarranted. The St. 1920, c. 223, amending St. 1911, c. 751, Part II, § 18, that failure to give notice shall not be a bar "if it is found that the insurer was not prejudiced by such want of notice" cannot be applied. It became operative subsequent to the injury and the date of the award. *Swan* v. *Sayles,* 165 Mass. 177. The decree must be reversed and the claim dismissed.

*So ordered.*