LEVI LAPAN'S (dependent's) CASE.

Suffolk.    December 2, 1920. — January 15, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act,* Notice to or knowledge by the employer.

At the hearing of a claim under the workmen's compensation act by the widow of an employee in a quarry who received injuries on July 10, 1919, which resulted in his death on the following day, it appeared that no notice in writing of the injury had been given to the employer as required by Part II, § 15 of the act. There was evidence that, while loading stone under the observation of his foreman, the employee came to the foreman and said, "I got an awful pain across here," pointing to his stomach, and that the foreman advised him to see a physician and sent him home in an automobile. The foreman testified that the employee did not explain "how it happened;" and that he, the foreman, knew nothing further "about it." On the second day after the injury, the day following the death, the employer made out a report in writing to the Industrial Accident Board, which he filed four days later, and in which, in describing the injury, he stated that the employee "was taken ill suddenly while at work and was removed to the hospital, the physician said he had a strain which caused a rupture of which he died of Friday." The report also stated the names of the hospital and of the attending physician. The Industrial Accident Board found that the employer "had knowledge of the injury" which under Part II, § 18 of the act dispensed with the requirement of a notice in writing contained in § 15. *Held,* that the finding was warranted.

CERTIFICATION to the Superior Court, under the provisions of the workmen's compensation act, of a decision of the Industrial Accident Board and papers accompanying it, that Levi Lapan, while employed in a quarry by the Sullivan Granite and Construction Company, received on July 10, 1919, an injury which arose out of and in the course of his employment, that the injury terminated fatally the next day, that the employer's report of the injury to the board, dated July 12 and filed on July 16, showed that on its date the employer had knowledge of the injury and of its fatal termination, and that his widow, the claimant, was entitled to compensation.

In the Superior Court by order of *Lawton,* J., a decree was entered in accordance with the decision of the Industrial Accident Board; and the insurer appealed.

*L. C. Doyle*, for the insurer.

*J. T. Kenney*, for the claimant.

CROSBY, J. This is a proceeding under the workmen's compensation act (St. 1911, c. 751) and amendments thereto. The employee received an injury on July 10, 1919, which resulted in his death on the following day. The insurer concedes that there was evidence from which it could have been found that the injury arose out of and in the course of the employment and that death resulted therefrom. Written notice of the injury was not given as required by Part II, §§ 15 and 16 of the act, and the question presented is whether there was evidence sufficient to warrant the finding of the Industrial Accident Board that the subscriber had knowledge of the injury under Part II, § 18.

There was evidence that the employee received a strain while loading heavy stone into a wagon, which caused a rupture. The employer's foreman, Barry, under whom the employee worked, testified that another man was loading the team with the deceased, that "they were within his view, — about ten or fifteen feet away from him," and that when the team was about half loaded the employee came to him and said "I got an awful pain across here," — pointing to his stomach; that Barry said, "Sit down, maybe it is cramps you got;" that he advised him to see a doctor, and sent him home in an automobile. This witness also testified that the employee did not explain to him "how it happened; that is all he knows about it."

On July 12, 1919, two days after the injury and after the employee had been removed to the hospital on July 11, where he died on the same day, the employer made a written report of the injury, which was filed with the board on July 16, 1919; in this report under § D 3, calling for a description of how the injury occurred, it is stated that the employee "was taken ill suddenly while at work and was removed to the hospital, the physician said he had a strain which caused a rupture of which he died of Friday." Under § E 3, in the report the name of the hospital and of the attending physician were stated.

As the injury occurred before the enactment of St. 1920, c. 223, § 1, amending § 18 of Part II, the case is not affected by the amendment. The board found that on the date of the report the subscriber had knowledge of the injury; that finding must

stand, if there is any evidence to support it. While it has been held by this court that a report of an injury by an employer, based upon an oral notice of it given by the employee, does not make out knowledge of the injury by the employer, and that oral notice is not knowledge, *Brown's Case*, 228 Mass. 31, 36, we are of opinion that in the case at bar it could not be ruled that the finding that the employer had knowledge of the injury was unwarranted. In referring to § 18 of Part II, it was said in *Brown's Case, supra*, that "The duty of the employer under this section is to make an investigation, find out the facts and to 'keep a record of' the facts, and having found out what the facts are then within forty-eight hours make a report of them to the Industrial Accident Board." It may reasonably be inferred from the statement in the report, that in the performance of its duty, the employer had investigated and found what the facts were; that inquiry had been made of the attending physician, who testified that on the day of the injury he was called to attend the employee, and asked him if he hurt himself, "and Lapan said he thought he had when lifting. He said the first he felt was a quick pain take him when he was lifting a stone. . . . Lapan said he had hurt himself by lifting, he thought. He felt it when he was reaching for a chain and lifting on the stone. He said it got him very sharp as if something had broken or given way and he had all the appearances of a man being hurt." The physician also testified that the employee's condition was acute and came on very suddenly; that this condition was caused by a strain. It is a rational inference from the statement in the report that the employer in the performance of its duty made an investigation of the facts, in the course of which it consulted the physician and from him obtained information upon which the report was made that "the employee had a strain which caused a rupture of which he died."

The evidence that the employer's foreman, Barry, was present when the injury was received and knew that the employee was suffering great physical pain and had to give up work, together with the facts that the employer had knowledge that the employee had been removed to the hospital and was informed by the physician that he had suffered a strain which caused a rupture from which he died the next day, warranted a finding that the

employer had knowledge of the injury. *Bloom's Case*, 222 Mass. 434. *Carroll's Case*, 225 Mass. 203. *Murphy's Case*, 226 Mass. 60. See *Walkden's Case, ante*, 115.

We find nothing in *Brown's Case, supra*, at variance with the conclusion here reached.

*Decree affirmed.*