EDWARD BUTLER'S (dependent's) CASE.

Worcester.   October 16, 1922. — November 29, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act,* Injuries to which act applies; Procedure: notice.

At the hearing by the Industrial Accident Board of a claim under the workmen's compensation act by the widow of an employee of a manufacturer of woollen cloth who was alleged to have received injuries which resulted in his death eight days later, there was evidence tending to show the following facts: The employee, on returning from his work on the day of his alleged injury, complained of pain and stated that while lifting a piece of cloth "it slipped and got away from him;" "that he felt something give in his abdomen; . . . felt sudden pain and had a lot of pain." He was suffering from a dilated umbilical hernia. Medical testimony was to the effect that such hernias are caused by "sudden lifting, sudden wrenching and falling;" that lifting the cloth in the manner described would be a sufficient cause for the hernia, and that the employee's death resulted from the hernia. *Held,* that a finding by the board, that the fatal injury to the employee arose out of and in the course of his employment, was warranted.

At the hearing of a claim under the workmen's compensation act, it appeared that the notice required by G. L. c. 152, § 41, was not given. There was evidence to show that, on the day following the injury of the employee in the employer's mill, the wife of the employee received a telephone call from the mill where he had been employed; that she believed the person with whom she talked was the paymaster, and that she told him that her husband had been hurt the day before and that it was a serious case; that within two or three days of the injury the employee's foreman was informed by "the office" that it had been reported that the employee was injured while at work in the mill and that the foreman made a report to the Industrial Accident Board stating in substance the circumstances of the injury as alleged by the claimant. The Industrial Accident Board found as a fact that the employer had notice of the injury "as soon as practicable after its occurrence." *Held,* that the finding was warranted and that, under § 44 of the statute, the claimant was not barred by lack of the notice required by § 41.

Findings of fact by the Industrial Accident Board hearing a claim for compensation under the workmen's compensation act must stand, upon an appeal from a decree of the Superior Court based thereon, if there was any evidence before the board warranting them.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision, with accompanying papers, of the Industrial Accident Board, that on December 27, 1921, the claimant's husband, Edward Butler, received injuries arising out of and in the course of his employment by American

Woolen Company, that the injuries resulted fatally and that the claimant was entitled to compensation of $10 weekly for four hundred weeks. In the Superior Court, the case was heard by *Hall,* J., by whose order a decree was entered awarding compensation in accordance with the decision of the Industrial Accident Board. The insurer appealed.

The case was submitted on briefs.

*C. C. Milton & F. L. Riley,* for the insurer.

*C. F. Baker & E. W. Baker,* for the claimant.

CARROLL, J.    The Industrial Accident Board found that Edward Butler, the deceased employee, received an injury arising out of and in the course of his employment on December 27, 1921; that this injury was caused by the employee straining himself, while throwing cloth over what is known as "the perch," and bringing on an umbilical hernia which became strangulated; that a general condition of sepsis resulted therefrom and caused his death; and that the employer had knowledge of the injury as soon as practicable after its occurrence.

There was evidence that the employee, on his return from work on December 27, complained of pain and stated that while lifting a piece of cloth "it slipped and got away from him"; "that he felt something give in his abdomen, . . . felt sudden pain and had a lot of pain." It was found that he had a dilated umbilical hernia. There was medical testimony tending to show that such hernias are caused by "sudden lifting, sudden wrenching and falling;" that lifting the cloth in the manner described would be sufficient cause for the hernia, and that the employee's death on January 5, 1922, resulted from the hernia. On this evidence the board was fully warranted in finding that the fatal injury to the employee arose out of and in the course of his employment.

Notice in writing as required by G. L. c. 152, §§ 41, 42, was not given. The Industrial Accident Board, however, found as a fact that the employer had notice of the injury "as soon as practicable after its occurrence." By G. L. c. 152, § 44, it was expressly provided that want of notice shall not bar proceedings, if it be shown that the insured had knowledge of the injury. Mrs. Butler, the petitioner, testified that on the day following the injury to her husband she received a telephone call from the mill where he had been employed, and that she believed the person with whom she

talked was the paymaster; she told him her husband had been hurt the day before, and it was a serious case. There was testimony from the employee's foreman that within two or three days following December 27 he was informed by "the office" it had been reported the deceased was injured while at work in the mill; that he made report to the Industrial Accident Board, saying the injury occurred on December 27, and it occurred while the deceased was "throwing piece over perch, reaching too high. Moving truck load to press from perch." There was further evidence indicating that the employer had knowledge of the employee's injury and received the knowledge as soon as practicable after its occurrence. *Murphy's Case,* 226 Mass. 60. *Brown's Case,* 228 Mass. 31. *Lapan's Case,* 237 Mass. 340.

There was evidence to sustain the findings of the board upon both questions, and these findings must stand. The decree of the Superior Court awarding weekly compensation to Margaret M. Butler, the widow of the employee, of $10 a week for four hundred weeks is affirmed.

*So ordered.*