WHITE STAR BUS LINE, INC., Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.*

No. 750. Submitted February 5, 1931.—Decided February 6, 1931.

*Guerra Mondragón & Soldevila* for petitioner.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

This is not the first time that this case comes before us. Its antecedent is certiorari case No. 714, *White Star Bus Line, Inc.* v. *District Court,* which we decided on November 12, 1930 (*ante,* p. 527).

In the original petition citation was made of *Brown's Case,* 228 Mass. 31, and of some of the cases now cited to us in support of petitioner's alleged right to a writ of certiorari. It was not asserted that the Puerto Rican statute and the Massachusetts statute are identical. But it is now claimed that the former has been copied or taken from the latter and this compels us to verify the accuracy of such a claim.

NOTE: See *ante,* p. 527.

Section 15 of the Workmen's Compensation Act of Puerto Rico, approved in 1928, reads as follows:

"Within ten days after service of notice, any party in interest may present certified copies of an order or decision of the Industrial Commission or of a decision of a commissioner from which no claim for review has been filed with the Commission within the time allowed therefor, or of a memorandum of agreement between the parties approved by the Industrial Commission, to the district court for the district in which the accident occurred with a petition for review, whereupon said court shall order the Industrial Commission to forward the record in the case, shall hear the parties to the controversy, shall render proper decision, and shall notify the parties. Decisions of the court shall have the same effect as a judgment rendered in a trial, but there shall be no appeal therefrom."

The Massachusetts statute reads thus:

"Section 11. There shall be a right of appeal to the supreme judicial court on questions of law, and the industrial accident board may report questions of law to the supreme judicial court for its determination." Acts of Massachusetts, Chapter 751, Part III.

The amendment of 1912 is as follows:

"Section 14. Part III of said chapter is hereby further amended by striking out section eleven and inserting in place thereof the following:—*Section* 11. Any party in interest may present certified copies of an order or decision of the board, a decision of an arbitration committee from which no claim for review has been filed within the time allowed therefor, or a memorandum of agreement approved by the board, and all papers in connection therewith, to the superior court for the county in which the injury occurred or for the county of Suffolk, whereupon said court shall render a decree in accordance therewith and notify the parties. Such decree shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though rendered in a suit duly heard and determined by said court, except that there shall be no appeal therefrom upon questions of fact, or where the decree is based upon a decision of an arbitration committee or a memorandum of agreement, and that there shall be no appeal from a decree based upon an order or decision of the board which has not been presented to the court within ten days after the notice of the filing thereof by the board. Upon the presentation to it of a certified copy of a decision of the indus-

trial accident board ending, diminishing or increasing a weekly payment under the provisions of Part III, section twelve, the court shall revoke or modify the decree to conform to such decision.'' Massachusetts' Acts, pp. 582–83.

Although the phraseology of both enactments is very similar, there is an important difference between them. In our statute it is provided, with reference to the action of the court: ''. . . shall hear the parties to the controversy, shall render proper decision . . . .''

In the Massachusetts Act of 1911 the right granted was that of appeal on *question of law* (italics ours) so that the province of the court was not to deal with questions of fact and was restricted by the statute itself.

In the 1912 amendment it was prescribed: ''. . . whereupon said court shall render a decree in accordance therewith . . .''

The Massachusetts statute evidently tends to eliminate all judicial intervention in questions of fact, leaving only to the court the determination of questions of law.

For this reason, in its decision in *McNicol's Case,* 215 Mass. 497, 502, which preceded the *Brown's Case,* the court said:

''Part III, par. 11, of the act as amended by St. 1912, c. 571, provides that when copies of the 'decision of the board . . . and all papers in connection therewith' have been transmitted to the Superior Court, 'said court shall render a decree in accordance therewith.' This means such a decree as the law requires upon the facts found by the board. It does not make the action of the Superior Court a mere perfunctory registration of approval of the conclusions of law reached by the Industrial Accident Board. The section in question doubtless was enacted because of the intimation in the *Opinion of the Justices,* 209 Mass. 607, 612, to the effect that the decisions of the board must be enforced by appropriate proceedings in court. The obligation placed upon the Superior Court by the requirement to enter a decree in accordance with the decision is to exercise its judicial function by entering such decree as will enforce the legal rights of the parties as disclosed by the facts appearing on the record.''

In *Brown's Case, supra,* the above doctrine, which is in accordance with the weight of authority, was confirmed.

If our legislature had intended to limit the action of the court to the determination of purely legal questions, it would have so provided in definite and clear terms. In our opinion there is no doubt that it did not intend to establish such a restriction.

The petition for a writ of certiorari must be denied.