PURDY *v.* CITY OF SAULT STE. MARIE.

1. MUNICIPAL CORPORATIONS—CITIES—WORKMEN'S COMPENSATION —REPEAL OF CHARTER.

It is provided by Act No. 10, Extra Session 1912, that cities shall be subject to the regulations as to workmen's compensation, and that all acts and parts of acts inconsistent with the statute are repealed.   The city of Sault Ste. Marie is governed by and under a charter enacted by the legislature which contains no provision for the payment of claims of such character.   In the title to the workmen's compensation law it is indicated that liability of employers for injuries to their employees is included.   *Held,* that the title, though general, is sufficient to include municipal

# 574 188 Michigan Reports. [Dec.

corporations if they are employers, and that defendant might lawfully provide funds for the payment of awards.

2. SAME—POWERS OF CITIES.
   *Held*, further, that the title of the ·statute is sufficient to warrant the repeal of charter regulations in existence at the time the statute went into force.

3. SAME—WRITTEN NOTICE—MASTER AND SERVANT.
   Under section 18 of the act containing provisions that want of notice in writing shall not bar the proceeding for an award if the employer had notice in fact, testimony showing that the superintendent of public works knew of the accident within a few days, that he brought the claim to the attention of the board of public works, and various city officers knew of the accident, sufficiently met the requirements, and, on giving written notice and bringing his claim to the attention of the city within six months, he was entitled to the benefit of the law.

Certiorari to the Industrial Accident Board. Submitted April 14, 1915. (Docket No. 93.) Decided December 21, 1915.

William Purdy presented his claim for compensation under the workmen's compensation act for injuries sustained as an employee of the city of Sault St. Marie. An order was entered awarding compensation. The award is reviewed by the said city on certiorari. Affirmed.

*Lawson C. Holden* and *John A. McMahon*, for claimant.

*F. T. McDonald*, for defendant.

OSTRANDER, J. The claimant, Purdy, was employed by the city of Sault Ste. Marie as a street sweeper. He was run down and injured by a conveyance using the street. An award by arbitrators, approved by the Industrial Accident Board, is questioned in this proceeding, the contentions of the city being:

"I. Act No. 10, Pub. Acts 1912, Extra Session, does not apply to municipalities, and appellant is not subject to its provisions.

"II. Said Act No. 10 is compulsory as applied to municipalities and therefore in violation of article II section 1 of the Constitution of Michigan.

"III. To compel payment of compensation under said act would deprive appellant of its property without due process of law.

"IV. Said act makes municipalities insurers of its employees and compels payment of compensation whether or not the injury is the result of any negligence on the part of the municipality.

"V. The legislature is without constitutional power to enact such a compensation act as applying to municipalities.

"VI. The award cannot be sustained because no claim for compensation or notice of injury was presented to or filed with the appellant as required by Act No. 10, Pub. Acts 1912."

In argument it is said that the city is governed by a charter granted by the legislature, and, pointing out its provisions relating to the presenting, allowance and payment of claims against it, no authority is to be found for the payment of the award; that the compensation act, so called, contains no provision for paying the award; that the title to the said compensation act does not give notice of any intention to supersede the charter.

In *Wood* v. *City of Detroit, ante,* 547 (155 N. W. 592), decided herewith, this point was not presented, and is not referred to in the opinion. However, in considering that case we had the advantage of the briefs in the case at bar and are of opinion that the charter provisions of cities with respect to claims which may be made under the act here in question are superseded by the provisions of the act. Section 5 of part 6 of that act expressly repeals "all acts and parts of acts inconsistent with the act" and "replaced by this

act." The title of the act mentions and indicates that its provisions relate to "liability of employers for injuries or death sustained by their employees." It is general, as titles of acts must be, and is broad enough to include municipal corporations if they are employers. Our view of the act, as expressed in the opinion in *Wood* v. *City of Detroit*, answers the contention that the plaintiff in certiorari may not provide the funds necessary to pay awards made under the act. The other points, except the last, are answered in the earlier opinion.

Upon the last point we have reviewed the testimony. The claimant was hired by Patrick Brady, who was superintendent of public works of the city. He had charge of work on streets. Mr. Brady saw claimant the second or third day after the injury at the hospital and was told by claimant that while sweeping the street a "rig" ran over him. Mr. Brady mentioned the matter to the board of public works, consisting of the mayor and two members appointed by the council, and in a general way the matter was discussed. An alderman of the city heard of the injury, called at claimant's house and told claimant he would take the matter up with the council. He referred to the case in the council, but made no motion. The first written notice of a claim for compensation was addressed to Mr. Brady as "City Commissioner," is dated April 22, 1913, was served upon Mr. Brady on or about that date, and recites that the injury occurred September 25, 1912. It was brought into the office of the city recorder by some woman May 5, 1913, and left there without any oral statement. It was laid before the council the evening of that day and referred to the city attorney for a report. On May 19th the attorney filed his report. It is conceded that he reported nonliability of the city. Later, on December 1, 1913, a copy of a notice of application to the Industrial Accident Board

was served upon the city., Objection was duly made
by the city before the arbitration committee to arbi-
trating the claim.  Upon an appeal from the award
of the committee the board, upon a transcript of the
testimony and the objections thereto made by the city,
affirmed the award.  To the arbitration committee the
city objected to the arbitration "on the ground that
no notice of injury was served on" it.  The committee
disposed of the point, as appears by a written opinion,
in the following manner:

"The act in question provides for notice being served
upon the city within three months after the happening
of the injury, and notice of a claim for damages under
the act within six months after death or the removal
of physical or mental incapacity.  Section 18 of the
act provides:  'Want of written notice shall not be a
bar to proceedings under this act, if it be shown that
the employer had notice or knowledge of the injury.'
The testimony discloses that the city officers and mem-
bers of the common council generally had notice of the
injury, in ample time.  That no specific notice was
officially served upon them until after the expiration
of three months must, I think, also be determined
from the evidence.  However, the object of a notice is
to prevent fraud and to permit the city authorities
to collect its evidence before the parties having knowl-
edge of the same are scattered and this knowledge lost.
I think that it has been sufficiently shown that the
city, in its official capacity, and nearly all of the city
officers (including the board of public works), had
knowledge of the injury, and more or less desultory
consultation and conferences had respecting it.  I be-
lieve this notice to be sufficient.  The claim for injury
was filed, or left with the recorder, within six months
from the date of the injury."

Upon the subject of notice of injury the statute, in
part II, provides:

"Sec. 15.  No proceedings for compensation for an
injury under this act shall be maintained, unless a
188 Mich.—37.

notice of the injury shall have been given to the employer three months after the happening thereof, and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same; or, in case of the death of the employee, or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity.

"Sec. 16. The said notice shall be in writing, and shall state in ordinary language the time, place and cause of the injury; and shall be signed by the person injured, or by a person in his behalf, or, in the event of his death, by his dependents or by a person in their behalf.

"Sec. 17. The notice shall be served upon the employer or an agent thereof. Such service may be made by delivering said notice to the person on whom it is to be served, or leaving it at his residence or place of business, or by sending it by registered mail addressed to the person or corporation on whom it is to be served, at his last known residence or place of business.

"Sec. 18. A notice given under the provisions of this act shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place or cause of the injury, unless it is shown that it was the intention to mislead, and the employer, or the insurance company carrying such risk, or the commissioner of insurance, as the case may be, was in fact misled thereby. Want of such written notice shall not be a bar to proceedings under this act, if it be shown that the employer had notice or knowledge of the injury."

The notice referred to in section 16 is, clearly, the notice required by section 15 to be given. The word "within" must be supplied in section 15, making the section read:

"Unless a written notice of the injury shall have been given to the employer within three months after the happening thereof."

No such notice was given. It is apparent, however, that the employer had notice and knowledge of the injury within the shortest period named in the act and, giving effect to section 18 in accord with the evi-

dent legislative intent, the claimant was not barred this proceeding.

It follows that there is no error, and that the award must be affirmed.

BROOKE, C. J., and KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.