MATWICZUK v. AMERICAN CAR & FOUNDRY CO.

MASTER AND SERVANT—NOTICE OF INJURY—COMPENSATION—AGENCY —RATIFICATION.

Where a brother-in-law of decedent employed an attorney, who gave the employer notice of his death, in compliance with the workmen's compensation act, within the statutory three months period, and within six months had

189 Mich.—29.

the wife, who resided in a foreign country, execute a power of attorney ratifying the giving of notice, but did not receive the instrument within the six months, the notice was sufficient, as it afforded an opportunity to investigate. Act No. 10, Extra Session 1912.[1]

Certiorari to the Industrial Accident Board. Submitted October 12, 1915. (Docket No. 62.) Decided December 21, 1915.

Maryanna Matwiczuk presented her claim for compensation under the workmen's compensation act against the American Car & Foundry Company for the death of her husband. From the award entered, contestant brings certiorari. Affirmed.

*L. A. Koscinski,* for claimant.

*E. D. Alexander,* for defendant.

MOORE, J. This is certiorari to review the action of the Industrial Accident Board in confirming an award made in favor of the claimant. The questions involved are so clearly stated in the opinion rendered by the board that we quote from it:

"It is conceded in this case that Joseph Matwiczuk, the husband of the applicant, met his death on May 22, 1913, as a result of the injuries received while in the employ of respondent. It is undisputed that the injuries resulting in his death arose out of and in the course of his employment, and that his widow would be entitled to the compensation fixed by law, if claim therefor was made within the time fixed by the compensation act. It is undisputed that, on the day following the death of deceased, his brother-in-law, Joseph Postinack, consulted an attorney in the city of Detroit, and that said attorney wrote a letter to respondent, notifying it of the death of Joseph Matwiczuk, and further stating that his death was due to an injury re-

---

[1]On sufficiency of notice of injury under employer's liability acts, see notes in 21 L. R. A. (N. S.) 233.

ceived while working for respondent, that deceased had a wife and four children living in Poland, who were dependent upon him, and closing the letter as follows:

"'If you care to offer reasonable compensation, in settlement, there is no doubt that it will be considered. Awaiting an immediate reply, I remain. [Signature.]'

"The widow of deceased in fact resided in Poland as stated in said notice, and the brother-in-law of deceased above mentioned assumed to act for her in consulting said attorney and making the aforesaid claim. It is conceded that Postinack, at the time he consulted said attorney, had not been authorized so to do by the widow, as this was done very shortly after the death, and before the widow even had knowledge of the accident; her residence being in a small town in the interior of Poland. It is contended in this case that the claim made through the action of Postinack is a nullity, because he was not authorized so to act, and that the letter from said attorney did not constitute the making of a claim for compensation within the meaning of the law.

"In the opinion of the board the provision of the compensation law relative to making claims for compensation should not be technically construed, and that the communication which was sent to the employer in this case was sufficient to fairly apprise it of the fact that compensation was claimed for the death of the decedent. The essential function to be performed by notice of claim for injury under this law is to bring home to the employer at some time within six months after the accident knowledge of the fact that a claim for compensation therefor is being asserted. We think that the letter in question must be held to have fairly apprised respondent of this fact. At the time of making the claim, Postinack had not been authorized to act for applicant as before stated, but about five months after the death of deceased applicant executed at her home in Poland a written power of attorney authorizing Postinack to act in her behalf in all things relating to the prosecution of her claim for compensation. When this power of attorney reached Postinack in this country a little more than six months had elapsed since the death of decedent, and it is con-

tended by respondent that the power of attorney did not take effect until it was actually delivered in this country, and that being after the expiration of the six-months period, it could not operate as a ratification of the previous acts of Postinack. This contention is largely technical and without merit. We are inclined to the opinion that the mailing of the power of attorney in Poland constituted a sufficient delivery. We are unable to find any provision in the act requiring the person who makes the claim on behalf of the dependents of a deceased workman to be a fully authorized agent. It is the evident intention of the law that such claim may be made by near relatives or friends, without formal authorization from the dependents. To hold otherwise would defeat compensation in many cases where the dependents of deceased workmen live in distant lands, or where such dependents are minors. The decision of the committee on arbitration awarding compensation to the applicant is affirmed."

Counsel for appellant argue two propositions:

(1) Was the letter sent by Daniel Minock to the American Car & Foundry Company a claim for compensation such as is contemplated by the terms of the workmen's compensation act?

(2) If this letter was a claim sufficient to comply with the terms of the workmen's compensation law, was it sufficiently authorized to be binding upon the American Car & Foundry Company?

Under the first of these propositions it is argued that when the attorney sent the letter he was not presenting a claim under the compensation law, but had in mind liability under the common law for negligence. Under the second proposition it is urged that the power of attorney did not take effect until after the six months had expired, and that, as the claimant could not file a claim at that time, she could not ratify what has been done before. It is also claimed that the power of attorney related to the future, and not to what had already been done. Counsel for appellant admit that the propositions involved in this case are new and therefore undecided.

It may be helpful to quote in full the letter which was sent:

"DETROIT, MICH., May 22, A. D. '13.
"American Car & Foundry Co.
"*Gentlemen:*

"Joseph Posternack, who resides at No. 621 Palmer Ave., this city, informs me that his brother-in-law was killed while working in your employ about 1 p. m. Wednesday, May 21, A. D. 1913.

"He claims that his brother-in-law, whose name is Joseph Matfechuck was working on an electric drill, that the electric wires were not properly insulated and that the wires were lying in water, that owing to that fact that when this man came in contact with the wires he received a shock through his body which finally caused his death.

"This man is married, and his wife and four children are living in Poland, and are and were dependent on him for their support and maintenance. If you care to offer a reasonable compensation in settlement, there is no doubt that it will be considered.

"Awaiting an immediate reply, I remain,
[Signed]        "DANIEL L. MINOCK."

The record discloses that the claimant was advised of the death of her husband. It does not appear whether she was advised of the sending of the letter just quoted. On October 28, 1913, she executed before a notary public a formal power of attorney authorizing her brother Joseph Postinack to look after her claim growing out of the death of her husband. The concluding part of the power of attorney reads as follows:

"Said Mary Matwiczuk hereby consents to and agrees with everything that said Joseph, son of Michael Pasternak, her duly appointed attorney in fact, or his duly selected attorneys, may legally do or perform, and she further ratifies any of their actions."

By due course this power of attorney reached her brother, Joseph Postinack, though not until more than six months after the death of her husband.

We may now consider the compensation law (Act No. 10, Pub. Acts 1912). The provisions of the compensation law applicable are section 15 of part 2, which reads:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer three months after the happening thereof, and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same," etc.

And section 16, which reads:

"The said notice shall be in writing, and shall state in ordinary language the time, place and cause of the injury, and shall be signed by the person injured, or by a person in his behalf, or, in the event of his death, by his dependents or by a person in their behalf."

Section 18 provides:

"Want of such written notice shall not be a bar to proceedings * * * if it be shown that the employer had notice or knowledge of the injury."

See, also, *Purdy* v. *City of Sault Ste. Marie*, 188 Mich. 573 (155 N. W. 597), in which an opinion was handed down this term.

It is clear that what was done gave the employer notice of the injury, thus affording an opportunity for a full investigation. It also gave notice of who were dependents. We think it is also clear that the company was informed that the brother-in-law, by employing the attorney who wrote the letter giving this information, was seeking to protect the interests of the widow and minor children, who were in Poland, and the inference follows almost as of course that a claim was urged in their behalf, growing out of the death of the husband and father. The language of the statute indicates that the notice and claim might be in ordinary language, and might be signed by dependents "or

by a person in their behalf," and what would be more natural than to assume that a brother of the widow in her absence would act for her.

What was done gave to the employer every opportunity to investigate the accident, and knowledge of all material things relating thereto, as fully as though an application had been made in a formal way by the widow upon the day when the letter was written. The next day after the injury the employer was notified of it, the result of it, the time and place and cause of its happening, and of the persons who were dependent. This notice was given, not by an outsider, but through the agency of the brother-in-law of the deceased, the brother of the widow. What was done was notice of a claim by the deceased's dependents, made by a person in their behalf. We think it too technical to say that a notice and claim made within 24 hours after the accident, caused to be given, as in this case, in behealf of the widow, who could not make the claim herself, because of the distance from where she lived, which action was ratified by her on being advised of the situation, must fail because the ratification did not reach this country within 6 months from the time of the accident. To so hold would not be according to the letter or the spirit of the employers' liability act.

The action of the Industrial Board is affirmed.

BROOKE, C. J., and PERSON, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.