SHAFER *v*. PARKE, DAVIS & CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION—REVIEW—NOTICE OF INJURY—CLAIM FOR COMPENSATION.

Any notice or claim made under the workmen's compensation act, within the time limit fixed by statute, ought to be considered sufficient if it fairly gives the employer such information as the law intends.

2. SAME—SCOPE OF ACT—FARM LABORER—CORPORATIONS.

Any man employed to work on a farm and to perform the work ordinarily done there is a farm laborer: the statute does not classify the employee by the ordinary business of his employer, but by the kind of work he himself is employed to do: hence, a corporation engaged in the business of manufacturing and selling chemicals, serums, bacteriological products, machines, boxes, cartons; in publication and printing, etc., having a research department, an experimental department, law department, and farm, was not liable under the workmen's compensation act to an injured employee working on the farm maintained by the company, which was principally conducted for the

producing of serums for the chemical factory and laboratory.[1]

3. SAME—ACCEPTANCE—EFFECT OF NOTICE.

And where defendant corporation filed a general acceptance of the workmen's compensation provisions, and had posted the statutory notices in its laboratories, offices and place of business in the city of Detroit, but had not posted up any notices on its farm, it would not be assumed that the master intended to include a farm laborer by the notice, which, to bring the excepted class within its terms, must contain an express statement to such effect.

Certiorari to Industrial Accident Board. Submitted October 11, 1915. (Docket No. 37.) Decided September 26, 1916.

Hugh Shafer presented his claim for compensation under the workmen's compensation act against Parke, Davis & Company for personal injuries. From the award entered, contestant brings certiorari. Reversed.

*Mark W. Hearn* (*Charles M. Woodruff*, of counsel), for appellant.

*William T. Hosner*, for appellee.

PERSON, J. This, is a claim by Hugh Shafer, an employee of Parke, Davis & Co., for compensation under the provisions of Act No. 10 of the Special Session of 1912 (2 Comp. Laws 1915, § 5423 *et seq.*), commonly called, "the workmen's compensation act." As stated in the brief for appellant, and no doubt correctly, Parke, Davis & Co.—

"is a corporation, organized under and by virtue of the laws of the State of Michigan for the purpose of manufacturing and selling chemicals and pharmaceuticals; the propagation and sale of serums, vac-

[1]The question as to who are employees within the meaning of the workmen's compensation act, is reviewed in a comprehensive note in L. R. A. 1916A, 365.

cines, toxins, antitoxins, and biological and bacterio-logical products generally; the printing, publication, and sale of medicinal and pharmaceutical pamphlets, books, and magazines, and all business incident to such manufacture, propagation, printing, publication, and sale; that incidental to the manufacture and sale of its products, it is extensively engaged in the business of manufacturing machines, glassware, boxes, cartons, display cards, etc. It also maintains a large printing plant, garage, fire department, biological laboratory, medicinal research department, experimental department, auditing department, law department, and a farm."

The farm spoken of is located near Rochester, in the county of Oakland; and while the number of acres in it are not given, it seems to be of sufficient size for, at least, the transaction of ordinary farm business. It is used for the raising of hay, wheat, rye, and other farm products, but its principal use is in connection with the company's laboratory in Detroit. Large numbers of guinea pigs are kept upon the farm for experimental purposes, together with other animals, including some 200 horses, or more, and the principal product of the farm is serum for the Detroit office. Hay and such other products as are adapted to the purpose are used on the farm for feeding the animals, but the wheat and rye and products that cannot be so used are sold.

Plaintiff was employed generally on the farm, caring for the horses and the stables where they were kept, and, in the summer time, at general farm work, such as planting, tilling, and harvesting the crops. On the morning of March 18, 1914, while in the barn feeding the horses, he was kicked by one of them, and the present claim demands compensation for the injuries so received. The claim was rejected by the arbitrators, but was allowed by the Industrial Accident Board, on appeal. It was the opinion of the board,

duly filed in writing, that the company should not be classed as a farmer, inasmuch as the use of the land was but incidental to its principal occupation as a manufacturer, and that the claimant, consequently, was not a farm laborer. It was also the opinion of the board that a farmer might come under the law, if he should so elect, and that the company, if engaged in farming, had done so by its unconditional acceptance of the provisions of the act. The company brings the case here by certiorari, alleging that the board was in error in both of its holdings, and further, that the claimant had failed to give notice of his injury and to present his claim within the time limited by the statute.

Considering these objections in their inverse order, it will be observed that the Industrial Accident Board has found as facts that:

"The injury was reported to Dr. Wilson, the superintendent of the farm, a few days after it occurred, and that claim was made for compensation from the company, by letter, within the time required by law."

We think there was evidence warranting such findings, and that they are therefore conclusive. Inasmuch as employees, as a class, are not skilled in the niceties of language or judicial procedure, and as the law was intended to provide a speedy and inexpensive way for determining the compensation, any notice and any claim, made within the time limited, ought to be considered sufficient if it fairly gives the employer such information as the law intends. *Matwiczuk* v. *Foundry Co.*, 189 Mich. 449 (155 N. W. 412); *Purdy* v. *City of Sault Ste. Marie*, 188 Mich. 573 (155 N. W. 597).

The finding of the Industrial Accident Board that the claimant was not a farm laborer may, we think, be reviewed by this court. All of the facts relative to his employment are conceded, or not disputed, and

his status as an employee must therefore be a question of law. And a consideration of those facts leads us to a conclusion different from that reached by the board. The growing of grass and grain and the raising and care of stock are the ordinary uses to which a farm is put, and the work of raising, tilling, and harvesting the grain and caring for the stock is ordinary farm labor. Any man employed to work on a farm, and to perform the work ordinarily done there, is a farm laborer. The statute does not classify the employee by the ordinary business of his employer, but by the kind of work he, himself, is employed to do. And any attempt to classify the employee through a consideration of the uses for which the produce of the farm is designed would lead to endless confusion. Horses are raised and kept upon a farm for many purposes other than that of tilling the soil. If any farmer in the vicinity had seen fit to raise and keep horses for the purpose of supplying serum to the respondent, he would still be a farmer; and any one employed to do such work with and around the horses, as is usually done on a farm, would be a farm laborer.

The fact that claimant was a farm laborer, however, would not debar him from the right to compensation if respondent had elected to come under the statute as to such laborers. There is nothing in the act excluding a farmer or a farm laborer from the benefit of its provisions. This is the construction given by the supreme court of Massachusetts to a similar statute. *Keaney's Case,* 217 Mass. 5 (104 N. E. 438). All of the provisions relative to compensation, to those entitled to it, and to the method for obtaining it are included in that portion of the act beginning with section 5 of part I. This might be called the compensation law. It says nothing about farm laborers or any other class of laborers. Section 5 provides that the following

shall constitute employers subject to the provisions of the act:

"1. The State and each county, city, township, incorporated village and school district therein;

"2. Every person, firm, and private corporation, including any public service corporation, who has any person in service under any contract of hire, express or implied, oral or written, and who, at or prior to the time of the accident to the employee for which compensation under this act may be claimed, shall in the manner provided in the next section, have elected to become subject to the provisions of this act, and who shall not, prior to such accident, have effected a withdrawal of such election, in the manner provided in the next section."

And section 7 of part I defines employees who may receive compensation under the act. Paragraphs 1 and 2 of that section read as follows:

"1. Every person in the service of the State, or of any county, city, township, incorporated village or school district therein, under any appointment, or contract of hire, express or implied, oral or written, except any official of the State, or of any county, city, township, incorporated village or school district therein: *Provided*, that one employed by a contractor who has contracted with a county, city, township, incorporated village, school district or the State, through its representatives, shall not be considered an employee of the State, county, city, township, incorporated village or school district which made the contract;

"2. Every person in the service of another under any contract of hire, express or implied, oral or written, including aliens, and also including minors who are legally permitted to work under the laws of the State who, for the purposes of this act, shall be considered the same and have the same power to contract as adult employees, but not including any person whose employment is but casual or is not in the usual course of the trade, business, profession or occupation of his employer."

There is no limitation anywhere upon the scope of the act as thus established. While an acceptance of its provisions is not made obligatory upon any private employer, yet certain common-law defenses are taken away from all employers who do not accept it, except the employers of household domestic servants and farm laborers. That is the effect of the preceding sections 1 and 2. The employers of household domestic servants and farm laborers are exempted from the coercive effects of section 1, but may come within the law if they elect to do so.

But we think that as to farm laborers the respondent in this case had not brought itself, or intended to bring itself, within the provisions of the compensation act. It had, it is true, accepted those provisions by a statement in general terms, neither expressly including nor expressly excluding any particular class of employees. It had also posted notices of its acceptance in its laboratories, offices, and place of business in Detroit. But it is not claimed that it had posted any notice on, or in the vicinity of, its farm. To assume that by such acceptance the employer intended to include a class of employees as to whom he still had the right to retain his common-law defenses would be going, we feel sure, beyond the fair meaning of the acceptance. The statute has made it practically compulsory that employers of laborers other than farm laborers and household domestic servants accept the provisions of the act, and such acceptance has usually in view only those employees as against whom the employers' common-law defenses have been taken away. And to hold that an employer by a general acceptance intends to elect to pay compensation under the act to his farm laborers and household domestic servants would be against the fact. To bring such employees within the acceptance must be held to require an express statement to that effect. For this

reason the claimant in this case is not entitled to compensation.

The order of the Industrial Accident Board is reversed, but without costs.

STEERE and BROOKE, JJ., concurred with PERSON, J. KUHN, BIRD, and MOORE, JJ., concurred in the result.

OSTRANDER, J. In my opinion the proper construction of the statute excludes the idea that it has application to farmers and farm laborers, or that farmers, or farm laborers may voluntarily become bound by the terms of the act. I agree to the conclusion and reasoning of Justice PERSON in all other respects.

STONE, C. J., concurred with OSTRANDER, J.