JACOBS *v.* GLASSER & HOFFMAN.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW—FIND-
INGS OF INDUSTRIAL ACCIDENT BOARD—REVIEW.

On certiorari to review an award by the industrial accident
board, under the workmen's compensation law, a finding
of the board, supported by evidence, will not be reviewed.

2. SAME.

An order of the industrial accident board finding that plain-
tiff was entitled to compensation for partial disability
from and after a certain date, at the rate of one-half the
difference between his average weekly wage before and
after the injury, was merely a statement of the law, of
which defendants could not complain, in the absence of
any evidence as to partial disability, or the fixing of any
definite amount, but leaving this question to future proof.

Certiorari to Industrial Accident Board. Submitted
January 15, 1918. (Docket No. 76.) Decided March
27, 1918.

Thomas Jacobs presented his claim for compensation
against Glasser & Hoffman for injuries received in de-
fendants' employ. From an order awarding compen-
sation for partial disability, defendants and the Union
Casualty Insurance Company, insurer, bring certiorari.
Affirmed.

*Joseph Sanders,* for appellants.

*Carey J. Cole,* for appellee.

BROOKE, J. On June 21, 1915, the claimant was in-
jured, in the course of his employment, by the walls
of a ditch caving in upon him. His employers, Glasser
& Hoffman, plumbing contractors, of the city of De-

troit, duly reported the accident to the industrial accident board and notified their insurer, the Union Casualty Insurance Company, who, on July 5, 1915, entered into a written agreement with claimant to pay him the sum of $9.61 per week, which agreement was duly filed with the industrial accident board. Compensation was paid to claimant in accordance therewith until September 6, 1915, when payments were discontinued, for the alleged reason that the insurer had been informed by medical experts that claimant was then able to return to work and was no longer suffering from any disability. No agreement had been reached with claimant that the compensation should cease, nor had the discontinuance of payments been authorized by the industrial accident board. On October 19, 1915, respondents petitioned the board for an order suspending payments and terminating the period of disability as of the date when payments were discontinued, and, after considerable delay and correspondence, a hearing was had on January 13, 1916. At that time claimant filed with the board a petition to amend the agreement for compensation so as to extend the compensation for a period of 500 weeks at the same rate, and, in support of this petition, filed affidavits of himself and his wife and also affidavits by Dr. Jacob H. Polozker, Dr. Joseph Rottenberg, Benjamin Wolach, and Charles W. Connor. Both parties were represented by attorneys, and the facts were argued at length before the board. Fifteen days were then granted to both sides to obtain and file proofs regarding their respective contentions and the condition of the injured employee. On January 29, 1916, respondents filed with the board the deposition of Helen Gray, taken in Philadelphia, which deposition was in the nature of a report of an operative employed to watch the actions of claimant around the apartments where he resided and where he had been doing janitor

work up to the time of his injury, and tended to support respondents' claim that the claimant's disability had ceased and that he was able to resume work. After consideration of the foregoing information, and having waited a period of 43 days for the filing of proofs, the board, on February 25, 1916, entered an order denying respondents' petition and finding that applicant was entitled to recover from respondents compensation at the rate of $9.61 per week from September 6, 1915, to October 19, 1915, and further, that applicant is entitled to recover from respondents compensation for partial disability from and after October 19, 1915, at the rate of one-half the difference between his average weekly wage before and after the injury. Some time later the respondent insurer paid claimant the compensation from September 6th to October 19, 1915, $57.68, but has paid no further sum.

After the order was entered, and on March 1, 1916, respondents filed the depositions of Frank W. Gray and Dr. George E. Chene in support of their contentions, and on the following day claimant filed depositions of Dr. Joseph Rottenberg, Ben Wolach, Martha Laplaunt, Lillian Wolach, Lillian Solomon, and Cora Johnston, also depositions of himself and wife, and on March 4th claimant filed another petition asking for a supplemental order awarding full compensation at $9.61 up to that date. The board has made no further order nor any modification of its former order.

In the affidavit for writ of certiorari, respondents state, among other things:

"VII.   That on February 25, 1916, with only respondents' petition (Exhibit B), respondents' deposition (Exhibit C) before it, the industrial accident board entered an order in the said cause, a copy of which is hereto annexed.   *   *   *

"VIII.   That in the order of the said industrial accident board there is manifest error which ought to be reversed and set aside for the following reasons:

"(1) That the proofs before the board on the 25th day of February, 1916, the date upon which the said order was entered, conclusively established the allegations of the petition of respondents as set forth in Exhibit B, hereto attached, praying for discontinuance of payments to claimant, and therefore there was nothing before the board upon which could be based its order in relation to future payments to claimant for partial disability.

"(2) That the board exceeded its authority in entering an order without any evidence before it upon which such order might be based.

"(3) That the order of the board as to future payments to claimant for partial disability is opposed to the only evidence that was before the board at the time such order was entered.

"(4) That if the record before the board was incomplete on the date of such order, the only possible proceeding for the board was to dismiss such petition and the board was in error in not ordering such dismissal."

The return of the industrial accident board contains the following:

"13. Said industrial accident board further returns that paragraph seven (7) of respondents' affidavit for writ of certiorari is very incorrect, and avers that said industrial accident board, on February 25, 1916, when it made its order complained of in this case, had before it the following papers which it considered in the making of said order:

"(1) A copy of the agreement in regard to compensation heretofore referred to.

"(2) The petition of the respondents to stop payments.

"(3) The petition of the applicant asking that the board find that the applicant was permanently disabled and which consisted of the affidavit of the applicant himself, and of the affidavit of Dr. Joseph Rottenberg, and of the affidavit of Beatrice Jacobs, and of the affidavit of Benjamin Wolach, and of the affidavit of Charles W. Connor,    *    *    *

"(4) The deposition of Helen Gray.

"(5) Said board also had the benefit of the argu-

ments of attorneys for the respective parties, which arguments were made before the board on January 13, 1916, and said board had before it at that time sufficient papers, proofs and testimony upon which to base an intelligent order, and it believes that the order it made on that date is the order that should have been made in said cause, and avers that it has carefully considered the testimony filed since that time, and that its order would have been the same had all of said testimony been before it.

"14.   Said board further returns that, as a matter of fact, its order of February 25, 1916, was merely an order of the board affirming that the agreement between the parties should stand, and indicating that possibly the applicant might be able to work some after October 19, 1915.   Under the terms of said order, if said applicant were unable to work after that date, the compensation of said applicant would still continue at $9.61 per week, but if said applicant were able to work some, then his compensation would be reduced proportionately under the terms of the workmen's compensation law."

It seems to be the claim of the respondents and appellants that the industrial accident board, at the time of the entering of the order made on February 25, 1916, had before it simply the uncontradicted evidence of the facts established by the deposition of Helen Gray, and that, with simply these facts before it, the board should have entered an order for the discontinuance of payments to the claimant in accordance with the petition filed for such relief.   We think it a sufficient answer to this contention to call attention to the return of the board, which sets forth that at the time of the making of the return they had before them the counter-showing of the claimant, and they aver that they have carefully considered the testimony filed, and that the order would have been the same had all the testimony been before them at the time of the making thereof.   In our opinion, and in accordance with our previous decisions, we do not believe that the

administration of this act should be too technical, and we can see no reason, if the board, with all the testimony before them, return to us that they were of the opinion that the petition should be denied, why it should not be said that there was a question of fact squarely presented to them, and they having determined it, we are in no position to review it, because of the fact that the legislature by the terms of the act has made the decision of the board binding as to such questions. Section 12, pt. 3, Act No. 10, Extra Session 1912 (2 Comp. Laws 1915, § 5465). See *Papinaw* v. *Railway Co.*, 189 Mich. 441; *Ramlow* v. *Ice Co.*, 192 Mich. 505; *Reck* v. *Whittlesberger*, 181 Mich. 463.

Up to the time that the order denying this petition was made, no formal order of the board had been made approving the agreement for compensation. It is now also urged that there was no evidence of any kind before the board which would warrant the finding of partial disability and that therefore no such order should have been made. We see no harm to the defendants, however, from the part of the order thus complained of, which reads:

"It is further ordered and adjudged that said applicant is entitled to recover from said respondents compensation for partial disability from and after said October 19, 1915, at the rate of one-half the difference between his average weekly wage before the injury and the average weekly wage which he is able to earn thereafter."

So far as this part of the order is concerned, it was merely a statement of the law that the injured employee was entitled to weekly compensation equal to one-half the difference between his average weekly wages before the injury and the average weekly wages he is able to earn thereafter (section 10, pt. 2, Act No. 10, Extra Session 1912, 2 Comp. Laws 1915, § 5440). The order does not state any definite

amount for the future payments, but leaves this question to future proof.

We see no legal infirmity in the order as made, and therefore affirm the action of the board.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, FELLOWS, and STONE, JJ., concurred. KUHN, J., did not sit.