## ADOLPHUS S. FRIER'S CASE.

Norfolk.    January 16, 1919. — February 26, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act,* Notice, Knowledge of injury.

In a claim under the workmen's compensation act against a town that had accepted St. 1913, c. 807, where the injured employee gave no notice in writing of his injury under St. 1911, c. 751, Part II, §§ 15–18, and the town had knowledge of the injury by means of a report filed about five months after the injury, it was *held* that a finding of the Industrial Accident Board, that the subscriber "did not have knowledge of the injuries as soon as practicable after their occurrence" and therefore that the knowledge of the injury did not cure the want of notice, could not be said to have been unwarranted.

APPEAL to the Superior Court under the workmen's compensation act from a decision of the Industrial Accident Board upon the claim of Adolphus S. Frier, who was employed as a janitor in the Belcher School by the town of Randolph, which had accepted St. 1913, c. 807, that upon all the evidence "the employee is not entitled to maintain these proceedings because notice of the injuries was not given, as required by Part II, § 15, and that, in lieu thereof, the subscribers or their agent, did not have knowledge of such injuries as soon as practicable after their occurrence. Therefore, the employee is not entitled to compensation under the act."

The case was heard by *Jenney, J.,* who on the evidence reported, which is described in the opinion, made a decree that the claim be dismissed. The employee appealed.

*M. J. Daly,* for the employee.

*L. C. Doyle,* for the insurer.

CROSBY, J.    The employee, Adolphus S. Frier, while in the employ of the town of Randolph as janitor of a school building, was injured on two occasions. His first injury occurred on May 19,

1916, and the second on December 4, 1916. The member of the Industrial Accident Board who heard the cases found that no claim for compensation was ever filed for the first injury. The statute requires that proceedings under the act shall not be maintained unless a claim therefor has been made in writing in accordance with St. 1911, c. 751, Part II, §§ 15, 23, as amended by St. 1912, c. 571, § 5.

As to the second injury the member of the board found that it arose out of and in the course of the claimant's employment; that a claim was filed within the statutory period; that while no notice of the injury was given as provided by St. 1911, c. 751, Part II, §§ 15–18, the town had knowledge of the injury and "therefore, the fact that the employee failed to give notice in writing . . . is not a bar to these proceedings." § 18. This finding is based upon the fact that the chairman of the school committee of the town filed with the board reports of the employee's injuries, copies of which are annexed to the record. The report of the injury of May 19, 1916, was filed on May 9, 1917, and that of the injury of December 4, 1916, was filed on May 7, 1917. Both reports are dated May 7, 1917.

No new evidence being presented, the report of the member containing all the material evidence, the board on review found "that the employee is not entitled to maintain these proceedings [as to either injury] because notice of the injuries was not given, as required by Part II, § 15, and that, in lieu thereof, the subscribers or their agent, did not have knowledge of such injuries as soon as practicable after their occurrence. Therefore, the employee is not entitled to compensation under the act." While it is plain that the reports filed would well warrant a finding that the town had knowledge of the injuries at least as early as May 9, 1917, it does not follow that "the association, subscriber, or agent" had such knowledge as takes the place of want of notice under § 18 of the act. The written notice of the injury which the statute requires under § 15 must be given "as soon as practicable after the happening thereof." The knowledge which the subscriber has under § 18 must have been acquired within the time limited for the giving of notice under § 15; in other words, such knowledge must be had as soon as practicable after the employee is injured. In *Brown's Case*, 228 Mass. 31, it was said at page 37: "Knowledge

on the part of the employer is a substitute for the written notice required by St. 1911, c. 751, Part II, § 15, and the employer must have knowledge within the time when written notice should have been given, namely, 'as soon as practicable after the happening' of the injury. *Jeremiah Murphy's Case,* 226 Mass. 60." The fact that the subscriber did not give notice to the employee that it was insured under the act (Part IV, § 21), and that he did not have knowledge of that fact until on or about February 27, 1917, has no effect upon his rights or upon the finding of the board. *Young's Case,* 218 Mass. 346.

It cannot be said the finding that the subscriber or its agent "did not have knowledge of such injuries as soon as practicable after their occurrence," was unwarranted as matter of law; accordingly, it must stand. The entry must be

*Decree affirmed.*