A. L. FRANKS, Appellee, v. GEORGE W. CARPENTER et al.,
Appellants.

MASTER AND SERVANT: Workmen's Compensation Act—Employee (?) or Independent Contractor (?) A finding by the industrial commissioner that a party was an *employee* and not an *independent contractor* is sustained by testimony to the effect that said party, as to the work in question, was employed, paid, and dischargeable by, and subject to the absolute direction of, *another person.*

MASTER AND SERVANT: Workmen's Compensation Act—Foreman's
2  Knowledge of Injury.  The knowledge of a foreman as to an in-
jury to an employee is the knowledge of the employer.

*Appeal from Iowa District Court.*—R. G. POPHAM, Judge.

FEBRUARY 14, 1922.

APPEAL from an award under the Workmen's Compensa-
tion Act.  The facts are fully stated in the opinion.—*Affirmed.*

*L. N. Tillotson* and *Johnson & Donnelly*, for appellants.

*Charles Penningroth* and *Redmond & Stewart*, for appellee.

STEVENS, C. J.—The appellant George W. Carpenter re-
sides, and is engaged in the plumbing business, in Cedar Rapids,
Iowa.  Some time prior to November 1, 1918, he obtained a con-
tract to do certain plumbing in a school building then in process
of erection at Conroy, Iowa.  Appellant Carpenter also engaged
to construct a sewer line from a septic tank, which he had placed
near the schoolhouse, to a line of tiling about 300 feet distant,
and arrangement or contract was made by him with one I. W.
Hudson, who also resided at Cedar Rapids and occasionally
engaged as a contractor in putting in sewers, to go to Conroy
and to make the excavations and construct the sewer from the
septic tank to the tile drain.

One of the principal questions in the case is whether Hudson
was an independent contractor or whether he was Carpenter's
employee, only.

On November 1, 1918, Bert Franks, who had gone with
Hudson from Cedar Rapids to assist in putting in the sewer,
was killed by the caving of the sides of the excavation, covering
him with dirt.  This action is brought on behalf of the deceased's
minor daughter, by her next friend.  Hudson had previously
been employed on other jobs by Carpenter.  Carpenter evi-
dently knew him to be efficient in making excavations and laying
sewers.  The arrangement between Hudson and Carpenter was
that the former would go to Conroy, secure such help as was
necessary, make the excavation, and lay the sewer pipe or tile,

so as to connect the septic tank with the tile drain already installed. In addition to Franks, Hudson secured the assistance of two other men. He acted as foreman, provided the work, kept the time, and determined the number of and what hours the men should work each day, and notified Carpenter of the amount required to pay their wages. Hudson and each of the men employed on the job received 50 cents per hour. Hudson furnished his own tools with which to do the work, but did not furnish any of the material used therein. Carpenter was not present while the work was being done, and did not, in fact, direct Hudson or the men employed with him, as to how the work should be done. He did, however, advise Hudson that they should commence the excavation at the tile drain, which they did. In addition to 50 cents per hour for his time, Carpenter paid Hudson for oil and gas used in his automobile for 12 days, and also paid him for the use of his automobile in taking Franks to Conroy. The arbitration board found in favor of the claimant. This finding was sustained on review by the industrial commissioner and, upon appeal thereto, by the district court.

Three propositions are argued by appellants, as follows: (a) That the undisputed evidence shows that deceased, at the time of his death, was the employee of Hudson, an independent contractor, and not of Carpenter; (b) that Carpenter was not served with notice of the death of Franks, as required by the provisions of Section 2477-m8 of the 1913 Supplement to the Code; and (c) that the policy in suit does not provide indemnity for the loss sustained.

I. Was Franks, at the time of his death, the employee of Carpenter or of an independent contractor? If he was the employee of the former, then he sustained such relation to Carpenter as to entitle the plaintiff to compensation on the basis allowed in the court below. There is no absolute rule for determining whether, under a given state of facts, the one doing or having charge of the work is an independent contractor or an employee. We said in *Pace v. Appanoose County*, 184 Iowa 498:

1. MASTER AND SERVANT: Workmen's Compensation Act: employee (?) or independent contractor (?)

"The test oftenest resorted to, in determining whether one

is an employee or an independent contractor, is to ascertain whether the employee represents the master as to the result of the work, or only as to the means. If only as to the result, and he himself selects the means, he must be regarded as an independent contractor.''  ·

In the same case, the writer of the opinion quoted the following from Thompson on Negligence (2d Ed.), Section 629:

''The test lies in the question whether the contract reserves to the proprietor the power of control over the employee.''

The same general rule was approved in *Norton v. Day Coal Co.*, 192 Iowa 160. Applying this test to the facts of the case before us, we conclude that the finding of the commissioner that, at the time of the death of Franks, both Franks and Hudson were the employees merely of Carpenter is fully sustained by the evidence. Carpenter, at the time Hudson was employed by him, knew that Hudson understood the work of constructing sewers and would be a good man to place in charge of the work at Conroy. Nothing was said between Carpenter and Hudson as to the manner of doing the work, nor is there anything in the contract or arrangement between them, or in the manner in which it was carried out, to indicate that Carpenter in any respect waived his right to control or direct the time or manner of making the excavation and laying the drain. There was no occasion for any specific reservation of this right. It is true that Carpenter was not present at any time during the progress of the work, but, manifestly, he had the right to discharge Hudson, Franks, or any other employee on the job, and to absolutely direct Hudson in everything he did in the work of putting in the drain. The fact that he refrained from doing so is not of controlling importance. Hudson furnished none of the material, and was paid 50 cents per hour for his time, the same as the other employees. He assumed the position of foreman, but this was clearly contemplated by Carpenter at the time of his employment. The tools furnished by Hudson were simple tools, and, under his contract with Carpenter, he assumed no liability and incurred no financial responsibility. He stood no chance to make a profit or to suffer a loss. He kept the time of himself and the other men and delivered it to Carpenter, who gave or sent him a check for the amount shown

thereby to be due the men. Hudson merely distributed the money sent him by Carpenter. The commissioner gave considerable significance to the fact that Carpenter paid Hudson for taking Franks in his automobile to Conroy. This is an important fact.

Significance is also given by counsel for appellants to the fact that Hudson and the men employed with him determined how the work should be done, the number of hours they would work each day, at what time they would begin, and at what time they should quit, and what time they would take at noon for lunch. These were all matters within the control of Hudson, as foreman. There was nothing in the contract between Hudson and Carpenter to prevent the latter from fixing the time for the men to commence work and the number of hours they should work each day. He simply refrained from doing so, and left it all to the discretion of Hudson. This did not make him an independent contractor.

II. The record does not show that Carpenter was served with notice of the death of Franks. Section 2477-m8, so far as material, provides as follows:

2. MASTER AND SERVANT: Workmen's Compensation Act: foreman's knowledge of injury. "Unless the employer or representative of such employer shall have actual knowledge of the occurrence of an injury, or unless the employee or someone on his behalf, or some of the dependents or someone on their behalf, shall give notice thereof to the employer within fifteen days of the occurrence of the injury, then no compensation shall be paid until and from the date such notice is given or knowledge obtained; but if notice is given or the knowledge obtained within thirty days from the occurrence of the injury, no want, failure or inaccuracy of a notice shall be a bar to obtaining compensation, unless the employer shall show that he was prejudiced by such want, defect or inaccuracy, and then only to the extent of such prejudice. Provided that, if the employee or beneficiary shall show that his failure to give prior notice was due to mistake, inadvertence, ignorance of fact or law, or inability, or to the fraud, misrepresentation or deceit of another or to any other reasonable cause or excuse, then compensation may be allowed, unless and then to the extent only that the employer shall show that he was

prejudiced by failure to receive such notice. Provided, further, unless knowledge is obtained or notice given within ninety days after the occurrence of the injury, no compensation shall be allowed. No form of notice shall be required but may substantially conform to the following form: * * *''

Manifestly, the purpose of the notice is to apprise the employer of such facts as will enable him to fully investigate the cause and extent of the injuries received by an employee. Actual knowledge on the part of the employer or the employer's representative supersedes and does away with the necessity of notice. Carpenter was not present when Franks was killed, and it is not claimed that he could have had actual knowledge of what occurred. Hudson was present when the sides of the excavation fell in and buried Franks, and therefore had full knowledge of everything that occurred at the time. Is the actual knowledge of Hudson sufficient, under the statute, to excuse the failure of the proper party to cause notice of the occurrence to be served upon Carpenter?

Somewhat similar statutes are in force in other states. In Massachusetts, it is provided that:

''Want of notice shall not be a bar to proceedings under this act, if it be shown that the association, subscriber, or agent had knowledge of the injury.''

The statute of Minnesota with reference to notice is quite like the section quoted supra. The statute of California provides that:

''Actual knowledge of such injury on the part of such employer, or his managing agent or superintendent in charge of the work upon which the injured employee was engaged at the time of the injury shall be equivalent to such service.''

The statute of New Jersey makes actual knowledge of the employer sufficient without notice; whereas the statute of Pennsylvania is in this respect the same as ours. The Illinois statute provides:

''That the failure on the part of any person entitled to such notice shall not relieve the employer from liability for such compensation when the facts and circumstances of such accident are known to such employer, his agent, or vice-principal in the enterprise.''

In several of the jurisdictions mentioned, the Supreme Court has held that knowledge of the employer, or of his agent, where the statute so provides, is sufficient, and does away with the necessity of the service of formal notice. *Allen v. City of Millville,* 87 N. J. L. 356 (95 Atl. 130); *State v. District Court,* 129 Minn. 423 (152 N. W. 838); *Frier's Case,* 232 Mass. 181 (122 N. E. 195); *Brown's Case,* 228 Mass. 31 (116 N. E. 897); *Murphy's Case,* 226 Mass. 60 (115 N. E. 40); *McLean's Case,* 223 Mass. 342 (111 N. E. 783); *Bloom's Case,* 222 Mass. 434 (111 N. E. 45); *Parker-Washington Co. v. Industrial Board,* 274 Ill. 498 (113 N. E. 976); *Bushnell v. Industrial Board,* 276 Ill. 262 (114 N. E. 496); *Purdy v. City of Sault Ste. Marie,* 188 Mich. 573 (155 N. W. 597).

No formal notice was necessary in this case if Hudson was the representative of Carpenter, within the meaning of the statute. The term has not been given legislative definition. In the sense that a representative is one who represents another, stands in his place or stead, or acts for him in the capacity of a foreman, Hudson was the representative of Carpenter. As foreman, he was such a representative as that it was his duty to at once report the fact that Franks met his death while employed upon the sewer in question, and the circumstances surrounding the occurrence. Employees are often in charge of and under the control of a foreman, superintendent, or other agent of the employer. One occupying such a position would obviously be the representative of the employer, within the meaning of Section 2477-m8. It is, of course, conceded by appellants that Hudson had charge of the work, and that he directed the workmen and determined how and when and in what manner the work should be done; but it is claimed that he did this as an independent contractor only. We are of the opinion that, notwithstanding the fact that he was in charge of the employment of the men working on the sewer and directed the manner in which the work should be done, he did not do this as an independent contractor, but as the foreman and representative of the appellant. Therefore, the actual knowledge of Hudson superseded the necessity of notice.

The question as to who has the burden of proving notice is ably discussed by counsel for appellants, but we prefer to defer

the decision of this question until it is presented by brief and argument on both sides.

III.    Some claim is made by counsel for appellants that the facts of this case do not bring it within the provisions of the policy.    This contention on the part of counsel is based upon a technical construction of the policy, and is, in our opinion, without substantial merit.

We conclude that the finding and order of the commissioner is fully sustained by the proof and proper inferences therefrom. The judgment of the court below is, therefore,—*Affirmed*.

EVANS, ARTHUR, and FAVILLE, JJ., concur.