BARONASKAS *v.* COPPER RANGE CO.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT—ONE
   MAKING CLAIM FOR DEPENDENTS MUST HAVE AUTHORITY TO ACT.
   While a claim under the workmen's compensation act
   may be made by any person acting in behalf of a depend-
   ent, a person who has no knowledge or information that
   there are any dependents may not make such claim for
   them, since the words "in their behalf" or "on behalf
   of" import an agency or authority to act.

2. SAME—SUFFICIENCY OF NOTICE—PURPOSE OF LIMITATION FIXED
   IN STATUTE.
   A notice of claim under the workmen's compensation
   act, made by the Russian consul-general, on behalf of
   dependents of an employee accidentally killed, although
   he had no knowledge that any such dependents existed,
   where no other claim was made for more than four years,
   was not a compliance with the provisions of the statute
   requiring claim to be made within six months; the pur-
   pose of fixing a limitation in the statute being to permit
   the employer to investigate the claim promptly.

Certiorari to Department of Labor and Industry.
Submitted April 19, 1927.  (Docket No. 122.)  De-
cided June 6, 1927.

Eva Baronaskas presented her claim for compen-
sation against the Copper Range Company for the
accidental death of her son in defendant's employ.
From an order awarding compensation, defendant
brings certiorari.  Reversed, and order vacated.

*H. C. Schulte,* for appellant.

SHARPE, C. J.  Peter Baronaskas met an instanta-

_____

¹Behalf, 7 C. J. p. 1032; Workmen's Compensation Acts, C. J.
§ 103; ²Workmen's Compensation Acts, C. J. § 103.

neous death while in the employ of the defendant on November 5, 1919. A report of compensable accident was made to the department of labor and industry on November 11th, followed by a supplemental report on November 20th, in which it was stated that the deceased had no dependents. A final report was made on the same day, showing the payment of funeral expenses in the sum of $200.

On February 11, 1924, a notice and application for adjustment of claim, signed by "Eva Baronaskas, mother of Peter Baronaskas, deceased. By Herman P. Haase, her attorney," was filed with the department and served on defendant. On February 23d defendant filed an answer, in which it denied that the applicant was a dependent on the deceased, and asserted that no claim for compensation had been made on it within six months after the accident which resulted in the death of deceased.

A hearing was had before Deputy Commissioner Beattie on May 6, 1925, and proofs taken. He made an award on August 18th, denying compensation for the reason that applicant had not "filed claim for compensation within the statutory period."

On September 4, 1925, the applicant filed a "petition for extension of time in which to appeal to full board." This was granted. The testimony of the Russian consul-general at Chicago was taken. He deposed that on March 25, 1920, he sent a notice of claim to the defendant by registered letter and received back an acknowledgment of receipt signed by the defendant by Henry Combellack. The consul signed this notice with his own name as "Consul-General, legal representative of the widow, children, parents, brothers and sisters, each and all of them dependents of said deceased."

The department made an award allowing the applicant $3.05 per week for the period of 300 weeks

from and after November 5, 1919. The defendant reviews on certiorari. Certain irregularities in the final hearing before the board are relied on, but, in view of the conclusion we have reached, it is not necessary to consider them.

The consul-general testified that he received a notice from the department at Lansing, advising him of the death of Baronaskas, and that he deemed it his duty, in order to protect the relatives who might be dependents, to send the notice; that he had then no personal knowledge or information that deceased had any family, nor did he make any effort to ascertain whether deceased left any family or dependents, or do anything in the matter until the petition for an extension of time was prepared.

The statute provides that the claim for compensation must be made within six months after the death of the employee, and shall be signed "by his dependents or by a person in their behalf." The purpose of the limitation is to permit the employer to promptly investigate the claim made. No information was conveyed to it by the writing signed by the consul-general from which such an investigation could be made. The defendant was here asked to meet the claim of the mother residing in a foreign land that the deceased contributed $20 per month to her support during the year 1919, nearly five years before an adjustment of the claim was asked for.

While the claim may be made by any person acting in behalf of a dependent, it is not fair to an employer, nor do we believe it to have been within the intent of the legislature, that a person who has no knowledge or information that there are any dependents may make such claim for them. The words "in their behalf" or "on behalf of" import an agency or authorization to act. While we should not be too technical in construing this provision (*Jacobs* v. *Glasser & Hoff-*

*man,* 200 Mich. 473, 478), we do not think the authorization should be extended to include a person unrelated to the dependent, who has no knowledge that there is such a person, and to whom no information has come that deceased had a dependent then living.

It is urged that the consul-general had the right to give such notice by reason of an exequatur issued by the President of the United States under and by virtue of the comity existing between nations under international law authorizing him to act as the legal representative of any absent national or nationals of his government and "to protect faithfully their rights and interests." Conceding such authority, the action under it must be taken on behalf of one or more persons whose names and relationship to the deceased can be stated with reasonable certainty. The consul-general had nearly six months in which to obtain the information on which a sufficient claim might be made. He took no action other than the mailing of the notice of claim to the employer. To hold that what was done by him meets the requirement of the statute is to render it a dead letter so far as its purpose is of benefit to the employer in affording him an opportunity to investigate the nature of the claim.

The cases relied on by the department do not, in our opinion, support its conclusion. In *Matwiczuk* v. *American Car & Foundry Co.,* 189 Mich. 449, the notice of claim was given by an attorney at the request of the brother-in-law of the deceased, and stated that deceased was married and had a wife and four children living in Poland, who were dependent upon him. In *Kottari* v. *Empire Iron Co.,* 217 Mich. 376, the claim was filed by an attorney on behalf of a wife and child living in Finland. The decision of the majority of the court may well be said to have rested on the fact that the employer treated the claim as sufficient and made answer thereto, while the minority

were of the opinion that the attorney acted without authority and that no claim was made within the statutory time.

The award must be vacated and set aside.

Bird, Snow, Steere, Fellows, Wiest, Clark, and McDonald, JJ., concurred.