TAR *v.* FORD MOTOR CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LIMITATION OF ACTIONS.

     Where for more than 12 years after accident resulting in death of husband no claim for compensation was made except by unauthorized agent of widow, no recovery could be had under workmen's compensation act (2 Comp. Laws 1929, §§ 8431, 8432).

Appeal from Department of Labor and Industry. Submitted June 8, 1932. (Docket No. 45, Calendar No. 36,449.) Decided September 16, 1932.

As to limitation of time for filing claim under workmen's compensation as jurisdictional, see annotation in 78 A. L. R. 1294.

On requirement of workmen's compensation act as to notice of accident or injury, see annotation in 78 A. L. R. 1232.

Mary Molnar Tar presented her claim for compensation against the Ford Motor Company for the accidental death of her husband, John Tar, in defendant's employ. Compensation denied. Plaintiff appeals. Affirmed.

*Henry Stone,* for plaintiff.

*E. C. Starkey* and *R. E. Giller,* for defendant.

SHARPE, J. On July 12, 1918, John Tar, the husband of plaintiff, while employed by the defendant, suffered an accidental injury which resulted in his death. A report of the accident and a "second report of disability" were filed by the defendant with the department of labor and industry. On October 3, 1918, a notice to employer of claim for injury was filed with the department. It was signed by "Theresa Doland, agent for Mary Tar, widow," and stated that "Decedent also left two minor children, Steve and Mary,   *   *   *   at Verbocz, Abaug Co., Hungary."

The following facts appear in the opinion of the commission filed on the hearing on review:

"The alien property custodian of Washington, D. C., was informed of this case on October 11, 1918, and copies of Form 5-A, 6 and Form 5 were sent to him."

Nothing further was done until October 4, 1922, when, at the request of the Royal Hungarian consul general in New York, the necessary forms for submitting proofs were sent to him. The matter again rested until November 10, 1930, when notice and application for adjustment of claim, signed "John Tar, as per Mitchel Fodor, Emery Duke, plaintiffs," was filed with the department.

Proceedings were thereafter taken, resulting in a hearing before a deputy commissioner and an award by him in favor of plaintiff of $10 per week for 300 weeks. One of the defenses made was that the claim was barred by 2 Comp. Laws 1929, § 8431, which reads in part as follows:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer within three months after the happening thereof, and unless the claim for compensation with respect to such injury, which claim may be either oral or in writing, shall have been made within six months after the occurrence of the same."

And section 8432, which provides:

"The said notice shall be in writing, and shall state in ordinary language the time, place and cause of the injury; and shall be signed by the person injured, or by a person in his behalf, or, in the event of his death, by his dependents or by a person in their behalf."

The commission found that Theresa Doland had no authority from the plaintiff to execute the claim filed by her, and, as no other claim was filed until 12 years after the accident, there could be no recovery. In this we think it was clearly right. *Baronaskas* v. *Copper Range Co.*, 238 Mich. 576.

The appeal is dismissed.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.