## MASSIE *v.* CITY OF BESSEMER.

1. WORKMEN'S COMPENSATION—MUNICIPAL CORPORATIONS—VOLUNTEER FIREMEN—ACCIDENT.

   Member of city's volunteer fire department who was injured by a creamery truck while returning after a fire to car which was to take him to fire-hall where rules of fire department required him to report after each fire *held*, to have suffered an accidental injury arising out of and in the course of employment (2 Comp. Laws 1929, § 8413, as amended by Act No. 58, Pub. Acts 1931).

2. SAME — AMENDMENTS — CONSTITUTIONAL LAW—TITLE OF ACT — VOLUNTEER FIREMEN—WEEKLY WAGE PRESUMED BY STATUTE.

   Workmen's compensation act as last amended by Act No. 58, Pub. Acts 1931 *held*, not violative of constitutional provision requiring that a statute embrace but one object which should be expressed in its title by the addition of a proviso that volunteer firemen of municipal fire departments should "be deemed and assumed to be receiving the sum of twenty-seven dollars per week as wages" from the municipal corporation (Const. 1908, art. 5, § 21; 2 Comp. Laws 1929, § 8407 *et seq.*).

3. SAME—CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—VOLUNTEER FIREMEN.

   Workmen's compensation act, as amended by Act No. 58, Pub. Acts 1931, providing that volunteer firemen of municipal fire departments should "be deemed and assumed to be receiving the sum of twenty-seven dollars per week as wages" from the municipal corporation *held*, not to deprive such corporation of property without due process of law (U. S. Const., Am. 14, Mich. Const. 1908, art. 2, § 16; 2 Comp. Laws 1929, § 8407 *et seq.*).

Appeal from Department of Labor and Industry. Submitted January 17, 1936. (Docket No. 108, Calendar No. 38,678.) Decided April 6, 1936.

Napoleon D. Massie presented his claim against City of Bessemer, employer, and Western Casualty & Surety Company, insurer, for compensation for

injuries sustained while in defendant's employ as a member of a volunteer fire department. Award to plaintiff. Defendants appeal. Affirmed.

*Edward W. Massie,* for plaintiff.

*Charles M. Humphrey* and *Charles M. Humphrey, Jr.,* for defendants.

Toy, J. Defendants prosecute review by certiorari of an award made by the department of labor and industry in favor of plaintiff, as a result of an injury received by him while acting as a member of the volunteer fire department of defendant city of Bessemer.

Defendants' brief presents two questions for review:

"1. Whether or not plaintiff sustained an accidental injury arising out of and in the course of his employment and while engaged in the performance of his duties as a member of a volunteer fire department?

"2. Whether or not Act No. 58, Pub. Acts 1931,* particularly the provisions therein relating to volunteer firemen, is invalid, illegal and unconstitutional because it does not comply with and is violative of section 21 of article 5 and section 16 of article 2 of the Constitution of the State of Michigan and section 1 of article 14 of the amendments to the Constitution of the United States of America?"

1. On May 10, 1934, plaintiff, in line with his duty as a member of the volunteer fire department of defendant city, and in response to a fire call, attended a fire in the city of Bessemer. He rode to the scene of the fire in the automobile of one Thebert, another member of the volunteer fire department. He did

---

* Amending 2 Comp. Laws 1929, § 8413.—Reporter.

actively engage himself in the fire fighting and at its conclusion the fire chief ordered the firemen, including plaintiff, to the fire-hall. The rules of the fire department required that a roll call be held after each fire and that the firemen report to the fire-hall in person or through their officers for that purpose. Plaintiff was standing by the fire truck on the highway adjacent to the place of the fire when Thebert sounded his horn and called for plaintiff to ride to the fire-hall with him. Plaintiff started across the highway when he was struck by a creamery truck and injured.

We think the department of labor and industry properly found that plaintiff's injury arose out of and in the course of his employment. He was in his employer's service at the time of the injury. He was under his chief's orders to report to the fire-hall. The rules of the department required such report. The very nature of the occupation of a fireman exposes him to hazard and unusual risk, not only in actual fire fighting, but in going to and returning from a fire. There was a causal relation between the nature of his employment and the injury. Because of the nature of his occupation, he was exposed to the very risk and danger out of which grew the accident in the instant case. We hold, therefore, that his injury arose out of and in the course of his employment. *Mann* v. *Board of Education of City of Detroit,* 266 Mich. 271; *Widman* v. *Murray Corp. of America,* 245 Mich. 332; *Stockley* v. *School District No. 1 of Portage Township,* 231 Mich. 523 (24 N. C. C. A. 170); *Kunze* v. *Detroit Shade Tree Co.,* 192 Mich. 435 (L. R. A. 1917 A, 252).

2. We are unable to agree with appellants' contention that the title of the amended act violates

article 5, § 21, of our State Constitution in that it embraces more than one object and the body of the act contains provisions not expressed in the title. This very question was before this court in regard to the original compensation act, in *Mackin* v. *Detroit-Timkin Axle Co.,* 187 Mich. 8; and in *Purdy* v. *City of Sault Ste. Marie,* 188 Mich. 573 (Ann. Cas. 1917 D, 881). We think our reasoning and decision in those cases applies with equal force and consequence to the case at bar.

Nor do we find any merit in appellants' contention that the amended act violates the due process clauses of the State and United States Constitutions. This point is so well and fully discussed in *Wood* v. *City of Detroit,* 188 Mich. 547 (L. R. A. 1916 C, 388), as well as in the *Mackin* and *Purdy Cases, supra,* that it needs no further explication here.

The award is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and POTTER, JJ., concurred.